ANDREW BRUNER *et al.*

*v.*

FRANK HICKS *et al.*

*Opinion filed October 23, 1907—Rehearing denied Dec. 6, 1907.*

1. LEASES—*when lease of homestead premises is void.* A lease of homestead premises worth less than $1000, for the purpose of prospecting for gas and oil, which provides that the term may last indefinitely if oil and gas are discovered, is absolutely void, and no rights can be predicated thereon if the lessors have not released their homestead in accordance with the statute or voluntarily abandoned possession and accepted rent with full knowledge of the facts.

2. SAME—*value of premises is determined as of date of a lease.* The value of homestead premises, in so far as the question of a release of the homestead is involved, is to be determined as of the date a lease of the property was made, and not as of the time the lessees discovered oil and gas upon the premises.

3. SAME—*when lessors are not estopped to deny the validity of the lease by receiving rent.* The makers of a gas and oil lease on homestead premises worth less than $1000 are not estopped, by receiving rent, to deny the validity of the lease upon the ground that

it contained no release of homestead, where the lessees entered up-
on the premises against the protest of the lessors, and where the
latter were induced, by fraudulent representations of the lessees, to
accept the rent, and they offer to return the same.

4. SAME—*when lessees are properly enjoined from removing
property.* Where lessees misrepresent their intentions to lessors in
obtaining a gas and oil lease, which lease is for other reasons void,
and do nothing under the lease until after other parties have begun
prospecting and then enter upon the land against the protest of the
owner, protecting themselves by a temporary injunction, they must
be regarded as acting at their own peril in expending their money,
and when the lease is declared void they may be enjoined from re-
moving property.

APPEAL from the Circuit Court of Crawford county;
the Hon. E. E. NEWLIN, Judge, presiding.

This was a bill in chancery filed by Andrew Bruner,
John Righter and W. G. Skelly, in the circuit court of
Crawford county, against Frank Hicks, John Kerr, John
W. Smith, Lem Neely, David C. Brubaker and Mary E.
Brubaker, to enjoin the said Hicks, Kerr, Smith and Neely
from sinking or drilling any well or wells for oil or gas
upon a certain thirty-six acre tract of land located in Craw-
ford county, by virtue of a certain lease bearing date April 5,
1905, made by said David C. Brubaker and Mary E. Bru-
baker, the owners in fee of said premises, to said Frank
Hicks, and which lease had in part been assigned by Hicks
to Kerr, Smith and Neely, upon the ground that said David
C. and Mary E. Brubaker, on the eighth day of December,
1905, had executed a lease of said premises for the purpose
of mining and operating for oil and gas, and laying pipe
lines and building tanks, stations and structures thereon to
take care of said products, to one George D. McCarty for
the period of ten years or so long as oil and gas might be
found on said premises, which lease had been assigned to
Bruner, Righter and Skelly, and which lease, it was alleged,
contained a release and waiver of the homestead rights of

David C. and Mary E. Brubaker in said premises, and was entered into by said McCarty with said David C. and Mary E. Brubaker and assigned to the said Bruner, Righter and Skelly, and recorded in the office of the recorder of deeds of said county, without notice to them, or either of them, of the fact that said lease of April 5, 1905, had been made by said David C. and Mary E. Brubaker to Frank Hicks, and which lease to Hicks, it was averred, was void by reason of the fact that said premises were of less than $1000 in value and were occupied by said David C. and Mary E. Brubaker as a homestead, and the homestead rights of David C. and Mary E. Brubaker therein were not waived or released in said lease, and that the premises described in said lease were so imperfectly described therein that they could not be located or identified as the property owned by David C. and Mary E. Brubaker.

A demurrer was sustained to the bill, whereupon a supplemental and amended bill was filed by said Bruner, Righter and Skelly, in which they omitted to name David C. and Mary E. Brubaker as defendants, and from which they also omitted all averments in regard to the homestead rights of David C. and Mary E. Brubaker in the premises, and averred that the complainants had been let into the possession of said premises by David C. and Mary E. Brubaker under the lease of December 8, 1905, and that they had made valuable improvements on said premises. The misdescription of the premises in the lease of April 5, 1905, and the want of notice to McCarty and his assigns of the lease of April 5, 1905, at the time of the execution of the lease of December 8, 1905, were also averred, which averments were relied upon to establish complainants' rights under the lease of December 8, 1905, and to avoid the rights of Hicks, Kerr, Smith and Neely under the lease of April 5, 1905.

On their petition David C. and Mary E. Brubaker were allowed to intervene as defendants to said supplemental and amended bill, and they thereupon filed an answer thereto.

They also filed a cross-bill, in which they averred that at the time the lease of December 8, 1905, was made, and at the time of the filing of their answer and cross-bill, said premises were owned in fee by them; that they occupied the same as a homestead; that said premises, at the time said lease was executed, were in value not to exceed $1000, and that they had not waived or released their homestead in said premises or abandoned the possession of said premises or surrendered the possession of said premises voluntarily to the complainants, and asked that the lease of December 8, 1905, be canceled and set aside as a cloud upon their title, and that the complainants be enjoined from interfering with their possession of said premises. The other defendants to the supplemental and amended bill also filed an answer and cross-bill. By their cross-bill they asked that the description of said premises in the lease of April 5, 1905, which was admitted to be incorrect, be corrected, and for other relief.

The cross-bills were answered and replications were filed and a trial was had in open court, and the chancellor entered a decree setting aside and canceling as a cloud upon the title of David C. and Mary E. Brubaker the lease of December 8, 1905, and the assignment thereof to the complainants, and perpetually enjoined the complainants from going upon said premises to prospect for oil or gas, or otherwise, and from removing therefrom any property placed thereon and in the wells drilled by them, and from removing any oil therefrom, directly or indirectly, by themselves, agents, etc., and corrected the description of the premises contained in the lease of April 5, 1905, as against David C. and Mary E. Brubaker, and the complainants have prosecuted an appeal to this court to reverse said decree.

C. S. CONGER, McCARTY & ARNOLD, J. C. MAXWELL, and BROWNLEE & BROWNE, for appellants.

PARKER & NEWLIN, and JAY A. HINDMAN, for appellees.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

The lease in question was executed with the view to transfer a freehold interest in said premises, as it provided the term created thereby might last for an indefinite and undetermined period of time in case oil or gas was discoveverd upon said premises, and in that regard this lease is not like a lease for a term of years. It was therefore necessary that the lease, to be valid, should contain a release or waiver of the homestead rights of David C. and Mary E. Brubaker, and if the premises, at the time the lease was executed, were of less value than $1000 the lease was void.

The first question presented upon this record for determination is the value of the premises in question on the eighth day of December, 1905, at the time the lease was made to McCarty by David C. and Mary E. Brubaker. If said premises at that time were of less value than $1000 then the lease from David C. and Mary E. Brubaker to McCarty is absolutely void and the appellants can predicate no rights thereon, unless it appears that the homestead rights of David C. and Mary E. Brubaker in the premises were waived and released or the possession of the premises was abandoned by them or they have estopped themselves from setting up their homestead rights as against the appellants.

The evidence as to the value of the premises on December 8, 1905, was conflicting. The witnesses who testified upon that point,—and they were numerous,—fixed the value thereof at that time from $17.50 per acre to $50 per acre, and the appellants in their original bill, which was sworn to, admitted they were worth less than $1000. The trial court held they were worth less than $1000. The chancellor who tried the case saw and heard the witnesses, and in view of the conflict in the evidence his judgment upon the question of the value of said premises on December 8, 1905, we think should be held to control. It must therefore be held, for the purposes of this case, that said premises, at the time

the lease to McCarty was executed, were worth less than $1000. As it is admitted that the homestead rights of David C. and Mary E. Brubaker in said premises were not waived or released and that they have not abandoned the possession of said premises, the question remains, did they voluntarily permit the appellants to enter upon said premises to explore and prospect for oil and gas, and did they receive rent from the appellants under the lease of December 8, 1905, subsequent to its date, and thereby estop themselves from asserting the invalidity of said lease by reason of their failure to release or waive their homestead rights therein?

Up to the time of the filing of this bill the complainants had not done any prospecting for oil or gas upon said premises. After the bill was filed, however, and against the wish and protest of David C. and Mary E. Brubaker, they went upon said premises and sunk five wells, from which they obtained large quantities of oil and gas, and the rent provided for in the lease, which they claim to have paid to David C. and Mary E. Brubaker, amounted to but $2.25, which the trial court found was received by David C. and Mary E. Brubaker by reason of the fraudulent representations made to them by the complainants and their attorneys that the controversy over the McCarty and Hicks leases had been settled between those parties, and which amount they offered to return to the complainants and deposited for their benefit in court. We think it clear, therefore, that it cannot be successfully contended that the complainants were voluntarily let into the possession of said premises by David C. and Mary E. Brubaker, or that David C. and Mary E. Brubaker, or either of them, ever received, with a full knowledge of all the facts which affected their interest, any rent provided to be paid to them by the terms of the lease of December 8, 1905. We are therefore of the opinion they are not estopped to challenge the validity of said lease by reason of a failure on their part to release their homestead rights in the premises covered by the lease.

It is contended, however, that although the court properly held that the premises on December 8, 1905, were of less value than $1000, that fact should not control, as it is said the court, in determining the homestead rights of David C. and Mary E. Brubaker in said premises, should have been governed by the value of said premises on the day on which oil and gas were discovered upon said premises, and not their value on the day on which the lease was executed. We cannot agree with this contention. If the premises, at the time the lease of December 8, 1905, was executed, were less in value than $1000, then the lease which attempted to give to McCarty and his assigns the right to use, possess and enjoy a portion of said premises for the purpose of mining and operating for oil and gas, and laying pipe lines and building tanks, stations and structures thereon to take care of said products, deprived David C. and Mary E. Brubaker of a portion of their homestead, and said homestead not having been waived or released in accordance with the terms of the statute, said lease was void. It may be conceded that the title to the oil and gas in said lands did not vest in the appellants, as assignees of said lease, until the oil and gas were discovered and appropriated by them; still the right to occupy the premises for the purposes aforesaid, conferred upon McCarty and his assignees a present vested right in said premises, which might last ten years and might last for an indefinite period if oil and gas were discovered in said premises, and to the extent of that use David C. Brubaker and Mary E. Brubaker were deprived of their homestead rights, which rights they could release to McCarty and his assigns only by an instrument in writing duly signed and acknowledged in accordance with the provisions of the statute governing the release and waiver of homesteads. *Franklin Land Co.* v. *Wea Gas, Coal and Oil Co.* 43 Kan. 518.

It is also contended that the court erred in correcting the description in the lease of April 5, 1905, by making the de-

scription therein contained correspond with the description of the premises which the parties intended to cover by said lease. The correction was limited by the decree to David C. and Mary E. Brubaker alone, and in no way affected the appellants. We think, therefore, they have no reason to complain as against that part of the decree.

It is also contended the decree is erroneous in enjoining the appellants from removing the property which they had attached to the land of David C. and Mary E. Brubaker. From a careful reading of this record we are impressed with the view that the lease of December 8, 1905, was obtained from David C. and Mary E. Brubaker purely as a matter of speculation and not with a view to prospect their lands, as the Brubakers were led to believe the object of the lease was at the time it was executed, and that nothing was done under the lease by the appellants until other parties, acting under the Hicks lease, commenced prospecting for oil and gas upon the lands of David C. and Mary E. Brubaker, when the appellants, by a temporary injunction, tied the hands of these parties and then went onto the lands and commenced prospecting for oil and gas against the wishes and protests of the owners of the land, claiming under a lease which was absolutely void, and that while they may have expended a considerable amount of money upon said lands, we think they did so with a knowledge of all the facts and that they acted at their peril, and that the circuit court did not err in enjoining them from removing the property which they had placed upon the land.

Finding no reversible error in this record the decree of the circuit court of Crawford county will be affirmed.

*Decree affirmed.*