Allen Cortelyou and Ella A. Cortelyou, Appellees, v. T. N. Barnsdall, Red Bank Oil Company, W. W. Seybert, W. C. Edwards, J. D. Kervin and W. H. Anchor, Appellants.

The decision in this case is controlled by the decision in Gillespie v. Fulton Oil & Gas Company et al., *ante*, p. 147.

Bill in chancery. Appeal from the Circuit Court of Crawford county; the Hon. E. E. NEWLIN, Judge, presiding. Heard in this court at the August term, 1907. Affirmed. Opinion filed March 18, 1908.

W. W. ARNOLD and EUGENE MACKEY, for appellants; BROWNLEE & BROWN, McCARTHY & ARNOLD and LEE & MACKEY, of counsel.

PARKER & NEWLIN and CALLAHAN, JONES & LOWE, for appellees.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a bill in chancery in the Circuit Court of Crawford county, by appellees against appellants, praying for the forfeiture and cancellation of a certain oil and gas lease and for the removal of the same as a cloud upon the title of appellees. Cause heard upon bill, answers, replications and evidence produced in open court. A decree was rendered specifically finding all the material allegations of the bill, and granting to appellees the relief prayed, in full. Appellants duly prayed and perfected an appeal to this court.

The substance of the bill as abstracted by counsel for appellants in their statement is as follows: The bill as amended recites that on July 8, 1905, the complainants made an oil and gas lease to W. W. Seybert, one of the appellants, which was in writing, signed and acknowledged by both of the appellees and had been recorded on February 13, 1906, in the recorder's

office of Crawford county, Illinois, wherein the lands demised were situate and which lease the appellees charged was a cloud upon their title. This lease in words and figures reads as follows:

## "OIL AND GAS LEASE.

"Agreement of lease, made this 8th day of July, A. D. 1905, between Allen Cortelyou and Ella A., his wife, of Robinson, Ill., lessor, and W. W. Seybert, of McKees Rocks, Pa., lessee, Witnesseth:

"That the lessor hereby grant unto lessee for the term of three (3) years (and so long thereafter as oil or gas is produced from the land leased and royalty and rentals paid by lessee therefor) the exclusive right to mine for and produce petroleum and natural gas from, and the possession of so much of eighty (80) acres of land in Crawford county, State of Illinois, as may be necessary therefor, with the right to use water and gas (if found) for the necessary engines, and to remove all machinery, fixtures, etc., placed by lessee on the premises, said land bounded:

"E. $\frac{1}{2}$ of N. W. $\frac{1}{4}$ Sec. 30, T. 7, N. R. 12 W.

"No well to be drilled within 300 feet of the buildings without lessor's consent. The lessee to deliver to lessor in pipe line the one-eighth ($\frac{1}{8}$) of all petroleum produced from the premises and to pay one hundred ($100) dollars per annum for each gas well from which the gas is marketed, payable semi-annually from the date and while the same is so utilized and to pay all damages to growing crops. This lease to be null and void and no longer binding on either party, if a well is not commenced on this block of 1,000 acres within 12 months from this date, unless the lessee shall thereafter pay annually to lessor 25 cents per acre per year for each year's delay in commencing said well. Each payment to extend the time for completion for one year. A deposit to the credit of lessor in Oblong Bank, Oblong, Ill., to be a good payment of any money on this lease. Party of the first part to have free gas for the dwelling thereon by laying their own line and making connections at well. Provided there is a surplus gas and at no time to use gas out of dwell-

ing.  The lessee to have use of all casing head gas for drilling and producing purposes and to pipe the same to any well drilled by lessee on these premises.

"Party of the second part to protect all lines.  All grants and covenants to extend to the heirs and assigns of the parties hereto.  Lessee to bury all pipe lines below plow depth when requested.

"Witness the hands and seals of the parties:

ALLEN CORTELYOU,     [SEAL.]

ELLA A. CORTELYOU,   [SEAL.]

W. W. SEYBERT.       [SEAL.]

Witness:

    W. C. CORTELYOU."

"STATE OF ILLINOIS,  }
County of Crawford.  } ss.

"I, W. C. Cortelyou, Notary Public, in and for said County in State aforesaid, do hereby certify that Allen Cortelyou and Ella Cortelyou, his wife, personally known to me to be the same persons, whose names are subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that they signed, sealed and delivered the said instrument as their free and voluntary act for the uses and purposes therein set forth.

"Given under my hand and notarial seal this 8th day of July, A. D. 1905.

W. C. CORTELYOU,

Notary Public."

(L. S.)

The bill charged that the lessee paid no consideration for the lease; that the lessors at the time of making the lease and ever since resided upon the lands demised thereby and occupied the same as their homestead; that the lessee was not bound by the lease to drill or develop the lands described therein or pay the lessors any consideration for their failure to do so; that he made false and fraudulent representations to secure the lease, which they charge is void, without consideration, and taken for speculative purposes; that in March, 1906, they notified the lessee in writing that they revoked the lease and forbid him entering upon the premises; that he had never developed the premises

or incurred any expense under the lease. The prayer of the bill is as follows: "And pray that the said lease or option and the several assignments may be declared null and void, as clouds on complainants' title, and may be removed and delivered up to be cancelled, and that defendants and each of them, and all persons claiming any interest in said premises by virtue of said lease or option and assignments, be restrained by order and injunction of court from entering upon said premises and drilling any well or wells thereon, or doing anything that will interfere with possession of complainants, and for general relief."

The evidence and proper interpretation of the terms of the lease, in the light of the evidence, fully establishes the substance of every material allegation of the bill. We are of opinion that the lease is no more than a mere option without any consideration for its execution and was taken by said Seybert solely for speculative purposes, and there not having been any performance on the part of the lessee or his assignees before it was revoked by the lessors, the lessors had lawful right to revoke and withdraw the option. We discussed this question at some length in one part of our opinion in the case of Gillespie, Trustee, v. Fulton Oil and Gas Company, *ante,* p. 147. The leases and the evidence in the two cases are so nearly the same in substance and effect as to make what is said with respect to that feature of that case applicable to this, and so need not be repeated here.

Since this case was argued and taken under advisement our Supreme Court has handed down an opinion in the case of Bruner v. Hicks, 230 Ill. 536. The alleged lease in that case was in all its material features the same as the one in this case, and the controlling facts were much the same. The court in that case held the lease to be purely a speculative lease. The case last above cited also discusses the question of homestead, and holds that such lease encroaches upon the homestead estate, and that unless the home-

stead right is waived or released in accordance with the terms of the statute, the lease is void, to the full extent of the homestead right; and that "the value of the homestead premises, in so far as the question of a release of the homestead is involved, is to be determined as of the date the lease was made."

It is conceded by counsel for appellants that in the case at bar the homestead right was not waived or released in accordance with the terms of the statute, it was not included in the acknowledgment, and that it has not in any manner been surrendered to appellants.

We are of opinion that the record in this case discloses no reversible error.

The decree of the Circuit Court is affirmed.

*Affirmed.*