R. F. POWERS, Defendant in Error, *vs.* THE BRIDGEPORT OIL COMPANY *et al.* Plaintiffs in Error.

*Opinion filed February 19, 1909.*

1. EQUITY—*equity cannot refuse to enforce clear contract because a forfeiture will result.* Where an oil lease clearly provides that non-compliance with the terms of the lease by the lessee shall be ground for forfeiting the lease, a court of equity cannot refuse to declare a forfeiture under the rule that a forfeiture will not be declared if compensation in damages can be made for the breach.

2. SAME—*it is equitable that party holding an oil lease should promptly develop oil.* It is equitable that a party operating under an oil lease should be required to promptly develop the oil in the land which he controls, especially where he also controls adjoining lands, from which he is taking oil.

3. LEASES—*when court does not err in declaring forfeiture of oil lease.* Where an oil lease expressly provides that failure of the lessee to keep his agreement shall be ground for forfeiting the lease, a court of equity does not err in declaring a forfeiture upon proof that the lessee has failed to keep his agreement to drill a certain number of wells on the land and to put them down at such points as will protect the oil from being drained through wells on adjoining lands.

4. SAME—*it is not error to refuse to allow lessee to remove casings of wells upon forfeiting lease.* A decree forfeiting an oil lease for breach of the lessee's agreement and allowing the lessee to remove the personal property which had been placed upon the land in the development of oil is not erroneous in refusing to allow the casings of the wells to be removed.

WRIT OF ERROR to the Circuit Court of Lawrence county; the Hon. J. R. CREIGHTON, Judge, presiding.

J. E. McGAUGHEY, for plaintiffs in error.

JOHN LYNCH, and H. G. MORRIS, for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed by the defendant in error in the circuit court of Lawrence county, against the plaintiffs in error, to cancel as a cloud upon his title two certain instruments in writing which are of record in the office of the recorder of deeds in said county, and which, when taken together, purport to give the plaintiffs in error the right to take oil from thirty-one acres of land situated on the south part of the west half of the south-east quarter of section 30, township 4, north, range 12, west of the second principal meridian, in Lawrence county, of which land the defendant in error was the owner. An answer and replication were filed, and upon a hearing before the court a decree was entered in favor of the complainant in accordance with the prayer of the bill, and defendants have sued out a writ of error from this court.

It appears from the pleadings and proofs that on the 14th day of March, 1906, W. H. Pemberton was the owner of and resided upon said land, with his family, as a homestead, it being averred in the bill that the premises at that time were worth less than $1000; that on that date said Pemberton executed an oil lease to C. E. Gibson, whereby said Gibson was to have the right to prospect for oil on said premises, and in case oil was found it was agreed Pemberton was to have one-eighth part thereof; that on January 25, 1907, said Pemberton and wife gave defendant in error and H. S. Piper an option to purchase said farm for $3000; that on March 21, 1907, defendant in error paid the purchase money to Pemberton and received a deed from Pemberton and wife to said land; that on March 20, 1907,

the day before said option was closed, an oil well which was being drilled by C. E. Gibson and others on said land was brought in; that upon the receipt of his deed from Pemberton the defendant in error notified Gibson that he had purchased said land, and that the lease to him from Pemberton was invalid as the homestead of Pemberton had not been released in said land; that there was then an interview between the parties, and on March 25, 1907, a new contract was entered into between the defendant in error and C. E. Gibson and one of his partners, whereby it was agreed that the lease from Pemberton should be confirmed and ratified by the parties in consideration that the firm of Gibson would put down six wells upon said land, and if the land covered by the lease would sustain eight wells, that number was to be put down on said land; that the firm of Gibson put down, within the spring and summer, in all five wells, known as Nos. 1, 2, 3, 4 and 5; that on the 25th of September, 1907, the firm of Gibson sold and assigned said lease, together with other oil leases which they held upon lands in the vicinity of the Pemberton land, to the Bridgeport Oil Company, with which Gibson and his firm were connected; that the Bridgeport Oil Company by those transfers obtained title to a lease upon a fifteen-acre tract of land situated immediately north of the Pemberton land, known as the Willie land, upon which there were three wells; that wells were also put down by the Bridgeport Oil Company, or by other parties, upon the lands immediately east, south and west of the Pemberton land; that in the contract between the firm of Gibson and the defendant in error it was agreed the outside lines of the Pemberton land should be protected by drilling wells upon said Pemberton land to offset any wells which might be put down upon the adjoining lands, such wells to be so located as to prevent oil beneath the Pemberton land from being drained into and produced through wells upon the adjoining lands. The following diagram will show the location of wells Nos. 1, 2,

3, 4 and 5 upon the Pemberton land and the wells upon the adjoining lands:

It further appears from the evidence that soon after well No. 5 was put down on the Pemberton land well No. 1 on said land failed to produce oil, and that no wells were put down on the Pemberton land to offset wells Nos. 1 and 2 upon the Willie land; that in consequence of the failure to put down wells to offset Nos. 1 and 2 upon the Willie land the defendant in error had some correspondence with

Gibson and the Bridgeport Oil Company, and said Gibson or the Bridgeport Oil Company having failed to take any action in the matter, defendant in error notified said Gibson and the oil company that he had forfeited their rights to take oil, by reason of said lease, from the Pemberton land, and within a short time thereafter filed this bill.

The questions involved in this case are largely questions of fact,—that is, did the plaintiffs in error put down six wells upon the Pemberton land and did they put them down at such points as to protect the oil beneath the Pemberton land from being drained from that land and produced through wells upon the adjoining lands, especially through wells situated upon the Willie land immediately north of the Pemberton land, which wells upon the Willie land were constantly being pumped by the plaintiffs in error? The chancellor saw and heard the witnesses and was in a better position than we to determine wherein the truth lay. *Biggerstaff* v. *Biggerstaff*, 180 Ill. 407; *Elmstedt* v. *Nicholson*, 186 id. 580; *Beaty* v. *Hood*, 229 id. 562.

It is said, however, that, conceding the plaintiffs in error have failed to comply with the lease authorizing them to take oil from said land, the defendant in error can be compensated for such breach by the payment to him of damages by plaintiffs in error, and it is urged that where a party can be compensated for what he has lost a court of equity will not declare a forfeiture. In this case the parties, by their written contract, agreed that six wells should be put down upon the Pemberton land, and that they were to be put down in such manner and at such places as to off-set wells upon the adjoining lands. This was not done, and the contract expressly provided that if the lessees failed to comply with the terms of said lease their non-compliance should be ground for forfeiting said lease. The rule of law, therefore, contended for by the plaintiffs in error we think does not apply in a case like this. A court of equity, like a court of law, cannot refuse to enforce a contract

238—26

which parties have deliberately entered into, because the enforcement thereof would work a forfeiture. The defendant in error offered to extend the time for putting down wells to offset the wells on the Willie land if the plaintiffs in error would cease pumping oil from the wells on the Willie land until the wells upon the Pemberton land could be drilled. This the plaintiffs in error refused to do. We cannot see, therefore, wherein the chancellor erred in declaring a forfeiture of the lease held by the plaintiffs in error authorizing them to take oil from the Pemberton land.

There can be no force, we think, in the contention that the defendant in error can be fully compensated and a forfeiture prevented by the payment to defendant in error for the oil drawn from the Pemberton land through the wells upon the Willie land, as it would, in the very nature of things, be very difficult, if not impossible, to establish by proof the amount of oil which the defendant in error had lost by a failure to offset the wells upon the Willie land, and, obviously, the provisions found in the lease providing for a forfeiture were put into said lease solely with a view to afford defendant in error a remedy in the event that the plaintiffs in error refused to protect the Pemberton land from wells located upon adjoining lands.

After well No. 1 failed, the plaintiffs in error attempted to deepen it, and it is insisted that was the putting down of a sixth well. This contention is manifestly without force.

The trial court permitted the plaintiffs in error to remove all the personal property which had been placed upon the Pemberton land, with the exception of the casings in the wells. The casings could not be removed without destroying the wells. We think there was no error in that part of the decree.

It is equitable that a party operating under an oil lease should be required promptly to develop the oil in the land which he controls. Especially is this so where the party holding the lease controls adjoining lands from which he

is taking oil.   From an examination of this record we think it is clear that the effect of the decree of the circuit court was to enforce the contract which the parties had made.   If the decree has the effect to deprive the plaintiffs in error of valuable property rights, that result legally follows the failure of the plaintiffs in error to comply with their written contract, which is clear and specific as to its terms.

Finding no reversible error in this record the decree of the circuit court will be affirmed.          *Decree affirmed.*