### GUTH v. TEXAS CO.
### No. 44C287.

District Court, N. D. Illinois.

Jan. 7, 1946.

A. H. Fry, cf Chicago, Ill., for plaintiff.

Henry I. Green and Enos L. Phillips, both of Urbana, Ill., for defendant.

SULLIVAN, District Judge.

When this cause was originally before the District Court, on motion of defendant, it was dismissed for want of sufficiency, from which order of dismissal plaintiff appealed. The Circuit Court of Appeals 145 F.2d 820, 822, in remanding the cause held that "the complaint stated a cause of action for negligence, and the motion to dismiss should have been overruled." The Circuit Court of Appeals further held that "As to the right of the plaintiff, a tenant in common, to bring this action without joining his co-tenants as parties, we express no opinion. The defendant's motion to dismiss below was grounded solely on the insufficiency of the complaint, and the question of proper joinder was first raised by it in its brief in this court. Since the question is admittedly not jurisdictional, it should first be presented to the trial court by proper pleadings."

Defendant, on February 2, 1945, filed its answer in the District Court, paragraph 13 thereof, setting up that this suit is a personal action for damages and therefore plaintiff, an owner of only a 1/32nd interest in the oil, gas and mineral rights in said land, cannot maintain the same as a several and separate action in his behalf, or without joining all of the tenants in common; that this being a personal action for alleged injury to real estate, plaintiff cannot maintain the same as one of the tenants in common.

Plaintiff thereupon moved to strike this portion of the answer on the ground "that this defense should have been raised by motion under the rules, and is not a legal defense in this case."

The case is now before me on plaintiff's motion to strike paragraph 13 of defendant's answer.

Plaintiff first objects that this defense should have been raised by motion rather than by answer. Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, provides that every defense may be asserted in the responsive pleading, except that certain enumerated defenses may, at the option of the pleader, be raised by motion. Being an affirmative defense, defendant had a right to assert it by answer.

Defendant contends that this being an action for damages occasioned by the negligent operation of the leases, it therefore involves the rights of all the tenants in common, and plaintiff cannot bring it without joining all of them. One tenant in common can sue for the recovery of the property, but one tenant in common cannot sue for damages to the property. It then becomes a joint action, and all of the parties in interest must join.

Plaintiff insists he has a right to bring this action under Section 4, Chapter 76, Illinois Revised Statutes. A reading of this section and a study of its history convinces me that it applies only to the right of one tenant in common to sue his cotenant, and has no application to a personal action by one tenant in common against a stranger; and substantially all of the cases cited by plaintiff on this question are cases involving the right of one tenant in common to sue his cotenant.

Plaintiff admits that he is one of the tenants in common owning a 1/32nd interest of the oil and gas under the real estate described in the complaint. In the case of Himes v. Schmehl, 257. F. 69, which involved an alleged breach of covenant for good mining under a demise of a graphite

mine, the Circuit Court of Appeals for the Third Circuit held, quoting from the syllabus:

"Where a contract is joint, and not several, all of the joint obligees or covenantees who are alive must be joined as plaintiffs.

"Tenants in common must join in actions ex delicto for an injury to their common property, though it be real estate, because the damages belong to them jointly.

"The rule that, where the contract is joint, so also is the remedy, likewise prevails in equity. * * *

"Bill by one of two co-owners and lessors of a graphite mine for non-payment of rent, breach of covenant for good mining, and removal of the property of the lessors, was properly dismissed, where brought by one lessor only, though the joinder of the other would oust the jurisdiction of the court as to the parties before it, despite equity rule 39 [28 U.S.C.A. § 723 appendix]."

In the Himes-Schmehl case, supra, the alleged cause of action was based on a breach of covenant of a graphite mining lease, and for an accounting. Before the question of accounting arose it was necessary for the court to determine first, not as a jurisdiction of equity, but as a rule of common law in an action at law, whether the plaintiff could maintain a common law action for breach of covenant without joining his cotenant. The court, after quoting from the case of Calvert v. Bradley, 16 How. 580, 14 L.Ed. 1066, said:

"Tenants in common must also join in actions ex delicto for an injury to their common property, even though it be real estate, because the damages belong to them jointly. Bullock v. Hayward, 10 Allen (Mass.) 460. The rule that, where the contract is joint so also is the remedy, likewise prevails in equity. * * *

"The cause of action for nonpayment of rent, breach of covenant for good mining, and removal of property of the lessors is therefore in Himes and Seymour jointly. Their remedy is joint. Their interests are inseparable. Any sum awarded by the decree would belong to them jointly. Himes alone has no cause of action therefor."

In Ruling Case Law, Vol. 7, Cotenancy, Sec. 110, it is stated: "In personal actions, whether arising ex delicto or ex contractu, the rule is that tenants in common are required to join. The purpose of this rule is to prevent a multiplicity of suits, and it applies unless there has been a severance of claim; as, for instance, where the defendant has previously to the suit promised to settle or has settled with one of the claimants for his share, or where one cotenant has previously brought suit and has by the failure of the defendant to take advantage of the non-joinder of the others recovered judgment for his share, and can therefore maintain no further suit, in which case also the others may sue without him. Accordingly, tenants in common must ordinarily join in an action for trespass to lands, or in assumpsit for money had and received where there has been a conversion of goods and chattels and the tort is waived, or in trover or in detinue."

In Calvert v. Bradley, 16 How., 580, 597, 14 L.Ed. 1066, the United States Supreme Court said:

"It remains now to be ascertained how far the parties to the case before us come within the influence of principles so clearly defined, and so uniformly maintained in the construction of covenants and in settling the legal consequences flowing from that interpretation. The instrument on which the plaintiffs instituted their suit was a lease from the plaintiffs and various other persons interested in different proportions in the property demised, and by the terms of which lease rent was reserved and made payable to the several owners of the premises in the proportions of their respective interests. So far as the reservation and payment of rent to the covenantees, according to their several interests, made a part of the lease, the contract was several, and each of the covenantees could sue separately for his portion of the rent expressly reserved to him. But in this same lease there is a covenant between the proprietors and the lessee, that the latter shall keep the premises in good and tenantable repair, and shall return the same to those proprietors in the like condition, and it is upon this covenant or for the breach thereof that the action of the plaintiffs has been brought. Is this a joint or several covenant? It has been contended that it is not joint, because its stipulations are with the several covenantees jointly and severally. But the answer to this position is this: Are not all the covenantees interested in the preservation of the property demised, and is any one or a greater portion of them exclusively and separately interested in its preservation? And would not the dilapi-

dation or destruction of that property inevitably affect and impair the interests of all, however it might and necessarily would so affect them in unequal amounts?

"It would seem difficult to imagine a condition of parties from which an instance of joint interests could stand out in more prominent relief. This conclusion, so obvious upon the authority of reason, is sustained by express adjudications upon covenants essentially the same with that on which the plaintiffs in this case have sued."

■ I am of the opinion that plaintiff as the owner of a 1/32nd interest under mineral deeds which were made subject to the terms and provisions of the oil and gas leases, cannot separately and individually maintain a cause of action against defendant.

■ Counsel for plaintiff has filed with the court a reply brief in which he raises the question, although the court does not believe seriously, of the difficulty he would encounter if he attempted to join The Texas Company in a suit against itself. The Supreme Court of Illinois has declared it to be the law in this state that an oil and gas lease does not make the lessee and the lessors tenants in common. The interest of the lessee is entirely different from that of the lessor. In Watford Oil & Gas Co. v. Shipman, 233 Ill. 9, 84 N.E. 53, 54, 122 Am.St.Rep. 144, the Supreme Court said: "Appellant had no right to a compulsory partition either of the oil and gas, considered separately from the land, or of the land itself. The lease upon which it predicates its right is not a conveyance of the interest of one co-tenant in the common property, or any part thereof. A lease of land to enter and prospect for oil or gas is a grant of a privilege to enter and prospect, but does not give a title to the oil or gas until such products are found. In the eye of the law, oil or natural gas are treated as minerals, but they possess certain peculiar attributes not common to other minerals which have a fixed and permanent situs. Owing to their liability to escape, these minerals are not capable of distinct ownership * * * from the soil. A grant to the oil and gas passes nothing which can be the subject of an ejectment or other real action." See also Conover v. Parker, 305 Ill. 292, 137 N.E. 204; and Updike v. Smith, 378 Ill. 600, 39 N.E.2d 325.

In Triger v. Carter Oil Co., 372 Ill. 182, 23 N.E.2d 55, the Supreme Court pointed out the difference between a mineral deed purporting to convey oil and gas, and a lease granting the right to enter upon the lands to prospect for oil and operate oil wells. In Jilek v. Chicago W. & F. Coal Co., 382 Ill. 241, 47 N.E.2d 96, 99, 146 A. L.R. 871, the Supreme Court discussed the nature of the land owners' interests; the nature of an estate in the minerals only; and the character of the interest of a lease, and in commenting on the Watford-Shipman case, supra, said: "In the Watford case it is to be noticed the court said that executing an oil and gas lease, that is, a right to extract oil, was not a conveyance of the interest of one cotenant in the given property; it was a mere right to explore and prospect."

It is therefore apparent that a lessee has no interest in the oil or gas until he has actually recovered it and reduced it to possession, consequently the lessee never became and cannot be classed as a tenant in common with any of the lessors. The lessors in the oil and gas lease are also owners of the land and tenants in common actually owning property interests in the land itself and in the minerals, including the oil and gas therein and thereunder. As such tenants in common they must all join in an action to recover for the negligent operation of the leases.

Plaintiff's motion to strike paragraph 13 of defendant's answer is denied, and the complaint will be dismissed on the ground that it cannot be maintained by one tenant in common.