**RAMSEY et al. v. CARTER OIL CO.**
Civ. No. 602–D.

District Court, E. D. Illinois.

Dec. 6, 1947.

Robert G. Burnside, of Vandalia, Ill., and Wham & Wham, of Centralia, Ill., for plaintiffs.

Wm. Acton, of Danville, Ill., for defendant.

LINDLEY, District Judge.

Implicit in this oil lease is an obligation on the part of the lessee to use reasonable diligence to develop the demised premises so long as the enterprise can be carried on at reasonable profit. Daughetee v. Ohio Oil Company, 263 Ill. 518, 105 N.E. 308. Implied also is a covenant that the

lessee will by appropriate measures protect the leasehold against drainage by offset wells. Vol. 2 Summers, Oil & Gas, Perm. Ed., § 399; Powers v. Bridgeport Oil Company, 238 Ill. 397, 87 N.E. 381; Geary v. Adams Oil & Gas Co., D.C., 31 F.Supp. 830. It is clear, therefore, that defendant owes plaintiffs the duty to develop the oil content of the land and to produce therefrom as a reasonably prudent operator as long as oil can be profitably produced and the duty to protect plaintiffs from drainage by drilling offset wells. All this it has apparently done. The well now proposed to be made a gas repressuring well is one of the offset wells drilled by defendant so as to prevent drainage in accord with defendant's duty to plaintiffs. It would seem obvious that to abandon this well, to close it down or to reconvert it into a repressuring well, will remove from production a well drilled for and furnishing offset protection against drainage so long as oil is produced from this and offset territory. Defendant must prevent drainage and the moment it changes an offset well into a nonproducing well it violates that duty.

▮ Defendant is obliged to develop the property and produce oil in the manner and to the extent that a reasonably prudent operator would operate, having due regard for the interest not only of himself but also that of the lessor. Oil repressure methods, looking to additional secondary recoveries of oil, are of comparatively recent origin; they are not ancient in practice. Consequently slight judicial comment concerning them is to be found. They include repressure by water, compressed air, gas or other fluids. They lead to an additional recovery, in case of gas, of 5% of the oil in place. Reasoning from analogy, it would seem that a reasonably prudent operator bound to produce oil by approved methods has the right implied in an oil lease to adopt proper gas repressuring systems for secondary recovery of oil. Indeed, it would seem that he is under the same duty to do so as he is to drill offset wells. In other words, defendant, as a prudent operator, has a right to adopt any approved method of repressure for secondary recovery and the use of gas is one of the approved methods. But the question presented is not whether gas re-

pressuring is proper practice but whether the proposed method and plan of defendant can be said to be that of a reasonably prudent operator, having in mind the rights of plaintiffs. It is undisputed that if this well is converted into a gas repressure well all the oil under five acres of ground will be forced to migrate from the plaintiffs' land onto another's land and will be wholly lost to plaintiffs. In Illinois that oil belongs to plaintiffs. A grant of oil and gas is "a grant not of oil that is in the ground, but to such part thereof as the grantee may find * * * The right to go upon the land and occupy it for the purpose of prospecting and removing oil, if of unlimited duration, is a freehold interest." Title to oil and gas as such vests in the grantee only when he takes it from the land. Watford Oil and Gas Company v. Shipman, 233 Ill. 9, 84 N.E. 53, 122 Am.St.Rep. 144; Gillespie v. Fulton Oil & Gas Co., 239 Ill. 326, 88 N.E. 192; Conover v. Parker, 305 Ill. 292, 137 N.E. 204; Chicago, Wilmington & Franklin Coal Co. v. Minier, 7 Cir., 127 F.2d 1006; Chicago, Wilmington & Franklin Coal Co. v. Herr, D. C., 40 F.Supp. 311.

▮ The defendant has only one right under its lease and that is to remove the oil according to approved methods for the benefit of itself and its lessor. It has no right to drive it from plaintiffs' land by any method. To do so is clearly a trespass upon and a violation of plaintiffs' right and title to the oil in place. People v. Bell, 237 Ill. 332, 86 N.E. 593, 19 L.R.A., N.S., 746, 15 Ann.Cas. 511; Bruner v. Hicks, 230 Ill. 536, 82 N.E. 888, 120 Am.St.Rep. 332; Big Six Development Co. v. Mitchell, 8 Cir., 138 F. 279, 1 L.R.A.,N.S., 332. To permit defendant to direct developments in the manner adapted only to the promotion of his gain and effectually to the impoverishment of the lessor's estate in oil and gas cannot in reason be deemed as even remotely contemplated by either party at the inception of the lease. Jennings v. Southern Carbon Co., 73 W.Va. 215, 80 S.E. 368, 19 A.L.R. 438; Daughetee v. Ohio Oil Co., supra. It is not a question of whether that oil can otherwise be taken from the soil. Plaintiffs own the oil and they have a right to have it left in place and to be removed only by methods which will not deprive

them of it. Any conversion of the oil by the lessee by driving it away or otherwise is a clear invasion of plaintiffs' rights.

But, says defendant, plaintiffs will receive more oil from the remaining portion of their land. That may be well and true, but the oil that will migrate is their oil and the mere fact that they have other oil in other parts of their lands which will be increasingly produced, does not alter the status of plaintiffs' property rights. What plaintiffs are objecting to, is repressuring under a plan which deprives them of a part of their oil; and to this they have a right to object. They have a right to have the oil left in place until and unless repressuring can be done by a plan which will preserve to them all their oil as well as increase the production from the remaining land.

But, defendant says, plaintiffs will be reimbursed by migration of oil to their land from the Durbin land to the east and south, perhaps ¼ to ½ mile away, because, asserts defendant, it intends to convert wells on those lands to repressuring wells. Of course, obviously, whether that will be done is all in the future; whether and when it will be done, where the wells will be and what the result will be, is entirely conjectural; and whether oil will be taken from Durbin's land and given to plaintiffs is wholly problematical. But if all that were to happen, Durbin would have the same right to object as plaintiffs have now and the wrong to Durbin cannot right the wrong to plaintiffs.

This problem is simple. Plaintiffs are entitled to have their offset wells preserved. The proposed conversion violates the obligation of defendant to maintain such offset wells. Such is a wrongful act by defendant. But more than that, by its conversion of the offset well to a repressure well, it will drive from plaintiffs to the west, north and east, and perhaps to the south, a substantial portion of the oil which is plaintiffs' which defendant has the right only to produce for plaintiffs' benefit and its own. This is not only a breach of the obligation of defendant to prevent drainage through offset well but it is, in addition, a taking of plaintiffs' property. Such a case, it

seems to me, is particularly appropriate for equitable action. Daughetee v. Ohio Oil Co., supra; Brewster v. Lanyon Zinc Co., 8 Cir., 140 F. 801.

Proper judgment for injunction as prayed may be presented.

The findings and conclusions herein contained are made a part of my more formal findings of fact and conclusions of law of even date herewith.