### Marion County Oil & Gas Company, Appellee, v. John Dykstra et al., Appellants.

1. INJUNCTIONS—*when do not lie to restrain right to prospect mine.* If the lessee in a mining lease is given the right to terminate the same at any time equity will not enjoin the execution by the lessor of a new lease etc., notwithstanding such lessee endeavors to waive such right of termination.

2. LANDLORD AND TENANT—*when waiver ineffectual.* A waiver by the lessee of a right to terminate his lease, is ineffectual as against the lessor unless concurred in by him.

Bill for injunction. Appeal from the Circuit Court of Marion county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the March term, 1911. Reversed and remanded with directions. Opinion filed November 11, 1911.

JONAS & HALEY and STEIN, MAYER & STEIN, for appellants.

NOBLEMAN & SMITH, WILLIAM F. BUNDY and L. M. KAGY, for appellee.

MR. PRESIDING JUSTICE SHIRLEY delivered the opinion of the court.

Appellee by its bill prayed an injunction to restrain

appellants from again leasing lands described therein for oil and gas, and from giving other persons the right to prospect thereon, and from interfering in any way with the possession of appellee or with its wells and pumps, or with the production of oil, and drilling and operating other wells upon the premises. A temporary writ of injunction was issued in conformity with the prayer of the bill. Appellants answered the bill and entered a motion in term time to dissolve the injunction. The motion was heard on the testimony of witnesses in open court and a decree entered overruling the motion to dissolve, making the injunction perpetual and for costs.

It appeared from the evidence heard by the chancellor that on September 2, 1908, appellants executed a lease to one M. A. Myers of a parcel of land, containing eighty-one and 37/100 acres, in which all the oil and gas under the premises were granted and conveyed to the lessee with the exclusive right to him and his assigns to drill and operate wells for oil, gas and water, and to erect all structures, machinery and appliances that he should deem necessary and expedient to the production of oil, gas and water, and the transportation of the same over the premises. It was further provided appellants should have one-eighth part of all oil produced and saved as compensation for the products of each well in which oil was found, and that appellee should have and hold the premises for said purposes for the term of one year and as long thereafter as gas or oil should be found or produced thereon. It was further provided that a well should be completed within six months from the date of the lease or the lessee should pay appellants at the rate of one dollar per acre every six months thereafter while the completion of the well was delayed.

There was a further provision that, upon the payment of one dollar, the lessee should have the exclusive

option to release and terminate the grant or any un-drilled portion thereof, at any time.

Under the clause of the lease last above quoted giving the lessee the right to terminate the lease at any time, appellee had no remedy by injunction to restrain appellants from the commission of the threatened acts complained of in the bill. Here was a power of revocation given appellee and a court of equity never interferes where such power exists. Watford Oil and Gas Co. v. Shipman, 233 Ill. 9.

In the case of Ulrey v. Keith, 237 Ill. 284, it was held that a suit to enjoin the violation of a contract was governed by the same rule as a suit to enforce specific performance, and that where there was a lack of mutuality in remedy, courts of equity will aid neither of the parties in the enforcement of the contract but will leave them to their remedy at law.

That case was on a lease like this and with the same provision for a surrender by the lessee. It was sought to restrain the lessor from interfering with, or preventing the lessee from further entering upon and developing the lands for oil and gas, and after an extended discussion and the citation of numerous authorities it was held that while the lease was valid notwithstanding the surrender clause and that while the lessor could not compel a surrender, yet as a court of equity would not do a vain and useless thing, it would not grant an injunction where the party seeking it might, under the cancellation clause of the lease, nullify the decree by exercising his option not to proceed further.

The provision for a cancellation of the lease in this case comes within the reasoning and conclusions of the court in Ulrey v. Keith, *supra,* and with such provision in the lease injunction will not lie. Appellee endeavored to avoid this result by filing on the hearing in the Circuit Court what was claimed to be a waiver of its right or option under this provision. The written waiver was filed by order of the board of directors

of the appellee and recites that it expressly waives all rights acquired or to be acquired by virtue of the said provision for the termination of the lease above referred to. We are of opinion the provision of the lease could not be changed or eliminated so as to be binding, except by the mutual agreement of the parties to the lease. Appellee was attempting to surrender a valuable right, the right to surrender the lease with no consideration to support it, and such supposed waiver without a consideration would not be binding upon it or affect its right to the option to surrender contained in the lease.

Moreover, if it should be held such waiver was binding on appellee and that it could not thereafter surrender the lease at its option, this would amount to a material alteration of the instrument by it which it cannot do, and it is immaterial whether it is or is not prejudicial to appellant. The attempted waiver by appellee of its right to surrender under the lease was ineffectual as between the parties and did not alter its rights and obligations in any respect. The provision for a surrender was still contained in the lease and the remedy by injunction could not be invoked.

Aside from this question the evidence does not show grounds for relief by injunction. The evidence heard tends to show a compliance on the part of appellee with the terms of the lease, but there was no evidence of any acts by appellants of which a court of equity would take cognizance. The evidence was that appellant, John Dykstra, said he would stop appellee from pumping the wells on the land; that he wanted appellee to stay off the land; that he had arrangements by which he could get one thousand dollars for another lease, and that he was going to make another lease.

There is no evidence of a threatened multiplicity of suits or of the insolvency of appellant, John Dykstra, or that any threatened acts of appellants would result

in irreparable injury. There was no evidence from which it could be inferred that any threatened acts if committed would not be susceptible of compensation in damages. There was nothing in the evidence to warrant the interference of a court of equity by injunction.

It will not be necessary to determine the other questions raised by the assignment of errors.

The motion of appellee to tax the costs of the supplementary abstracts to appellants will be denied.

The decree of the Circuit Court will be reversed and the cause remanded with directions to enter a decree dissolving the injunction and dismissing the bill.

*Reversed and remanded with directions.*