## SOUTHWESTERN OIL CORPORATION v. BOIS D'ARC CREEK OIL & GAS CO.
### (No. 2372.)

(Court of Civil Appeals of Texas. Texarkana. May 5, 1921. Rehearing Denied May 12, 1921.)

1. **Appeal and error ☞736—Assignments of error grouped in violation of rules will not be considered.**

Where assignments of error are grouped in violation of the rules, the appellate court will not consider them.

2. **Appeal and error ☞293—Assignments of error not complained of in motion for new trial considered.**

When judgment is based entirely on findings made by the court or entirely on special findings by a jury, it is not indispensable to the right of the losing party who duly excepted thereto, to have the judgment reviewed on appeal, that he should have filed and had the trial court act on a motion for new trial.

3. **Mines and minerals ☞74—Assignee of leases on abandoning contract held not liable for market value simply by reason of failure to return them.**

Where defendant agreed to drill two oil wells and was to pay plaintiff one-sixth of the oil produced as a royalty and was assigned oil leases, and after having drilled one well abandoned the contract, the plaintiff was not entitled to recover as damages the market value of such leases merely because defendant did not "return" them to the plaintiff, in the absence of evidence showing that the leases lapsed, the effect of the abandonment of the contract being to devest defendant of the rights conferred by the leases and revest them in plaintiff, who could at once have exercised the right conferred by the leases or again assigned such rights to another.

Appeal from District Court, Fannin County; Ben H. Denton, Judge.

Action by the Bois d'arc Creek Oil & Gas Company against the Southwestern Oil Corporation. Judgment for plaintiff, and defendant appeals. Reversed, and remanded for new trial.

The first appeal of this case was by appellee, the plaintiff below, from a judgment sustaining a general demurrer to its petition and dismissing its suit. That judgment was reversed by this court February 12, 1920. 219 S. W. 1115. The trial resulting in the judgment rendered in favor of appellee for $65,-200.75, from which this appeal was prosecuted, was on an amended petition filed August 17, 1920. The cause of action asserted in that petition was one for damages for breaches by appellant, as alleged, of stipulations in a contract in writing entered into by the parties June 25, 1918. By the terms of that contract appellee was to convey to appellant certain oil and gas leases on approximately 6,000 acres of land in Fannin county, and appellant was to drill on said land a well 1,250 feet deep and another well 2,500 feet deep unless oil or gas in paying quantities was found at lesser depths, and was to "pay" appellee one-sixth of the oil produced as a royalty. Appellant was to commence drilling not later than December 1, 1918, and continue such drilling until the wells were completed. To insure the drilling of the wells appellant was to deposit $500 with a bank. The concluding stipulations in the contract were as follows:

"When the first well provided for herein is drilled to the depth of 1,250 feet, such deposit to be returned to second party (appellant), unless oil or gas should be found in paying quantities at less depth. That in case the party of the second part fails to drill said wells or either of them in the way and manner specified in this contract, then in that event said $500 shall be forfeited to party of the first part (appellee) as liquidated damages, and said bank is hereby directed in that event to turn said money over to it. Also all leases hereby conveyed to be returned to party of first part."

In its said amended petition appellee alleged that it "promptly," quoting, "assigned, transferred, and caused to be delivered to defendant the leases mentioned in said contract (a copy of which is attached to and made a part of said petition), and fully and completely did and performed each and all of its covenants, agreements, and obligations as specified in said contract"; that appellee drilled a well 1,250 feet deep on said land as it had agreed to, and that said bank thereupon, on appellant's demand that it do so, returned to appellant the $500 deposited by it in conformity to its undertaking; that appellant thereafter continued the drilling of said well to a depth of 1,880 feet "without having discovered oil or gas in paying quantities," quoting, "whereupon said defendant ceased active operations upon said premises, and thereupon declared its intention to abandon said contract without completing said well and without drilling the second well, and defendant did abandon said contract on or about the ——— day of July, 1919, and said defendant immediately thereafter removed its drilling rig, machinery, and all of its property from said leased premises." Appellee then alleged that, when appellant abandoned the contract, it failed to pay it (appellee) the $500 agreed upon as the damages it would be entitled to in that event, and failed to "return" the leases as agreed upon, and further alleged that while appellant held the leases it "permitted same," quoting, "to forfeit by its failure to begin drilling operations within the time specified in said leases, or in lieu thereof to pay the rentals as stipulated in said leases." The prayer was for judgment for $500 as the damages appellee was entitled to for the failure of appellant to drill the wells, and for $120,000, alleged to be

the value of the leases, as the damages it was entitled to for the failure of appellant to "return" said leases.

At the trial a special issue as follows was submitted to the jury:

"What was the reasonable cash market value on or about July 1, 1919, of the leases in Fannin county assigned by plaintiff to the defendant?"

The answer of the jury was:

"$65,200.75, or $11.75 per acre."

The trial court did not (why does not appear from anything in the record) render judgment in appellee's favor for the $500 damages stipulated for as stated, but on the finding of the jury set out above and findings he made himself rendered judgment for the $65,200.75 found to be the value of the leases.

Rasbury, Adams, Stennis & Harrell, of Dallas, for appellant.

J. W. Gross and Rogers & Neilson, all of Bonham, for appellee.

WILLSON, C. J. (after stating the facts as above). [1, 2] Appellee insists, and we agree, that this court should not consider the assignments numbered 16 and 17 and 1 to 10, inclusive, in appellant's brief, because, and for other reasons, same are grouped in violation of the rules. But we do not agree with appellee in its insistence that the other seven assignments in said brief should not be considered because predicated on acts of the trial court not complained of in the motion for a new trial filed by appellant in the court below. It is settled, when the judgment is based entirely on findings made by the court (Craver v. Greer, 107 Tex. 356, 179 S. W. 862; Hess v. Turney, 109 Tex. 208, 203 S. W. 593), or entirely on special findings by a jury (Varley v. Sales Co., 191 S. W. 611; Rudasill v. Rudasill, 219 S. W. 843; Barkley v. Gibbs [Com. App.] 227 S. W. 1099), that it is not indispensable to the right of the losing party who duly excepted thereto, to have the judgment reviewed on appeal, that he should have filed and had the trial court to act on a motion for a new trial. The difference between the cases cited above and this one lies in the fact that here the judgment is based in part on findings by the court and in part on a special finding by a jury. We think that difference of no importance, and see no reason why, if the effect of the statutes discussed in the opinions in those cases was, as determined, to entitle the respective appellants therein to the review sought, the appellant here, by force of the same statutes, is not entitled to have the assignments in question considered.

[3] Of the seven assignments entitled to consideration we think the one numbered 13, in which the judgment is attacked as without the support of testimony, should be sustained. The case seems to have been tried on the theory that the failure of appellant to "return" the leases to appellee when it abandoned the contract rendered the former liable to the latter for the value of the leases without respect to whether same had then lapsed for failure to comply with the terms thereof or not. We think the theory was an erroneous one. When, as alleged in appellee's petition, appellant abandoned the contract and breached its undertaking to thereupon return the leases to appellee, a cause of action at once arose in appellee's favor for the loss it thereby suffered, but the loss was not properly measurable by the value of the leases before they lapsed, unless they lapsed for a failure of appellant, after same were assigned to it and before it abandoned the contract, to comply with their terms. The effect of appellant's abandonment of the contract was to devest it of the rights conferred by the leases and revest same in appellee. Oil Co. v. Shipman, 233 Ill. 9, 84 N. E. 53, 122 Am. St. Rep. 144; Smith v. Root, 66 W. Va. 633, 66 S. E. 1005, 30 L. R. A. (N. S.) 176. The latter might at once, free from any right of interference on the part of appellant, itself have exercised the right conferred by the leases, or again assigned such rights to another. As it might, if any of the leases were forfeited for noncompliance with the terms thereof after appellant abandoned the contract, the responsibility for the loss thereby incurred was on appellee, and was not properly chargeable against appellant. Therefore, to entitle it to recover as determined by the judgment, the burden was on appellee to show that the leases lapsed because of a failure by appellant to comply with conditions therein which should have been performed after same were assigned to it and before it abandoned its contract with appellee. Not only is there no testimony in the record showing such failure by appellant, but there is none showing that any of the leases ever lapsed, and it affirmatively and conclusively appears from testimony the trial court heard that none of the leases had not lapsed at the time appellant abandoned the contract. It follows that the judgment was not warranted by the testimony. Therefore it will be reversed, and the cause will be remanded to the court below for a new trial.