(No. 25229.— )
CHARLIE TRIGER *et al.* Appellees, *vs.* THE CARTER OIL COM-
PANY *et al.* Appellants.

*Opinion filed October 13, 1939.*

WALTER DAVISON, C. M. OAKES, CHRISTY RUSSELL,
CRAIG & CRAIG, W. F. SCHUERMEYER, and PARKER, BAUER
& PARKER, (L. G. OWEN, of counsel,) for appellants.

SMITH & MURRAY, and MATHENY & WELKER, for ap-
pellees.

WILL M. ALBERT, guardian *ad litem*, for minor cross-appellants.

Mr. JUSTICE MURPHY delivered the opinion of the court:

This is an appeal from a decree rendered in an equitable action involving the partition of lands located in an oil producing area in Fayette county. A guardian *ad litem* appointed to represent the interests of four minor defendants has filed a cross-appeal for them. The cause was submitted on briefs and oral arguments at the June term and taken under advisement. At the present term defendant appellants filed a motion to dismiss their appeal at their costs, which motion has been allowed. The only questions remaining for consideration are those concerning the interests of the cross-appellants.

The real estate involved consists of 32 acres of unimproved land which was owned by George W. Horn in his lifetime. He died, intestate, in 1932, leaving Mary C. Horn, his widow, and Edith Horn Denton, a daughter; his only heir. The widow did not elect to take dower and became seized of an undivided one-third interest; Edith Horn Denton inherited the remaining two-thirds. Mary C. Horn died in November, 1936, leaving cross-appellants, and others, her heirs-at-law. Cross-appellants each inherited an undivided 1/198 interest. June 1, 1936, Mary C. Horn executed an oil and gas lease to M. R. Von Almen, who assigned it to the defendant Carter Oil Company. The lease provided that the lessee had the right to enter upon the lands for the sole purpose of mining and operating for oil and gas, the laying of pipe lines, building tanks and such other structures as were necessary in the production of oil. The grant was not limited to the undivided one-third interest the lessor owned but purported to convey the entire title. It stated that the purpose and intent of the lessor was to lease all the lands, however described, owned by her in the section or sections specified. The lease was

for ten years from date and as long thereafter as oil and gas was produced from said land by the lessee. It provided that if the lessee did not commence a well before the first of June, 1937, the lease should terminate as to both parties, unless the lessee should, on or before that date, pay the lessor, or deposit to her credit in a bank, ten cents per acre, which payment, it was agreed, should operate as a rental and cover the privilege of deferring the commencement of a well for twelve months from June 1, 1937. Provision was made for other extensions by payment of delay rentals each year.

After the execution of the oil and gas lease, Mary C. Horn executed a mineral deed to W. H. Davis in which she granted, bargained, sold, conveyed and assigned unto the grantee "an undivided one-half interest in and to all the oil and gas in and under and that may be produced from the following described lands," etc. It was agreed that the rights of the grantee in the mineral deed were subject to the rights of any lessee or assigns of any then existing oil lease, and that the grantee or his assigns should receive and enjoy the granted undivided interest in and to all bonuses, rents, royalties and other benefits which might accrue thereunder from and after the date of the deed. The right of ingress and egress was granted for the purpose of drilling, exploring and operating for oil and gas and the marketing and transporting of the same.

All the heirs-at-law of Mary C. Horn, excepting cross-appellants, released their interests in the land. By *mesne* assignments, the defendants W. A. Allen and Errett R. Newby acquired the rights of the grantee in the mineral deed. The Carter Oil Company did not begin operations under the lease before June 1, 1937, but paid the delay rentals to Allen and Newby.

Cross-appellants contend the mineral deed conveyed only one-half of the one-third interest Mary C. Horn had in the oil and gas, subject to the rights of the Carter Oil

Company; that Mary C. Horn died intestate as to the remaining one-half and, by inheritance, they have an interest therein. Basing their claim upon such inheritance, they urge they were entitled to their proportionate part of the delay rentals paid by the Carter Oil Company, and that inasmuch as they were all paid to Allen and Newby, the Carter Oil Company lease is forfeited as against their interest.

The chancellor held that the mineral deed conveyed the whole interest of Mary C. Horn in the oil and gas and that the minors did not inherit any interest therein but that their interest attached only to the soil.

It is the settled law in this State that oil and gas in place are minerals but by reason of their fugacious qualities they are incapable of an ownership distinct from the soil. They belong to the owner of the land only so long as they remain under the land, and if the owner makes a grant of them to another, it is a grant only of the oil and gas that the grantee may take from the land. No title to it vests in the grantee until it is actually removed from the land. (*Watford Oil and Gas Co.* v. *Shipman,* 233 Ill. 9; *Ohio Oil Co.* v. *Daughetee,* 240 id. 361; *Daughetee* v. *Ohio Oil Co.* 263 id. 518.) The mineral deed not only conveyed the right to take oil and gas but also granted the right to the grantee to enter upon the land for the purpose of prospecting and operating wells. The deed was for an indefinite duration and was a conveyance of an interest in the land itself and created a freehold estate. (*Watford Oil and Gas Co.* v. *Shipman, supra; Transcontinental Oil Co.* v. *Emmerson,* 298 Ill. 394.) Where an owner of a permanent present interest in land purports, by deed or other instrument, to grant a greater estate than he actually owns, the conveyance is void only as to the excess but is operative to pass the estate which the grantor has. *Torrence* v. *Shedd,* 156 Ill. 194; *People* v. *Economy Light and Power Co.* 241 id. 290; *Frank* v. *Frank,* 305 id. 181.

The mineral deed purported to convey, subject to the Carter Oil Company lease, one-half of the oil and gas in the whole tract, which was a greater interest than the grantor owned. At the time of the execution of the deed, Mary C. Horn only owned the oil and gas in an undivided one-third of the whole and this was subject to the leasehold interests of the Carter Oil Company. Cross-appellants did not inherit any interest in the oil and gas. Their inheritance was in the land, devoid of any interest in the oil and gas. Allen and Newby, as assignees of all the rights of the grantee in the mineral deed, were entitled to all the delay rentals under the Carter Oil Company lease. There was no forfeiture of the lease by reason of the payment of all the delay rentals to Allen and Newby.

The decree of the circuit court of Fayette county is affirmed as to all matters referring to the claims of cross-appellants. All costs of the appeal are taxed against defendant appellants.

*Decree affirmed as to claims of cross-appellants.*