(No. 31176.—

Roscoe J. Deverick *et al.,* Appellees, *vs.* Leona Bline *et al.,* Appellants.

*Opinion filed November 22, 1949.*

CHARLES E. JONES, of Robinson, for appellants.

C. A. WILLIAMS, of Casey, for appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Clark County on a complaint to quiet and confirm a title to real estate in appellees. The matter came before the trial court on a motion to dismiss the complaint, which was denied. Appellants elected to stand on their motion, refused to further plead or answer, and, a freehold being involved, have appealed directly to this court.

The facts alleged in the pleadings are not disputed. On August 6, 1914, one Goldie S. Frederick was seized of a fee-simple interest in a five-acre tract and a nine-acre tract of land, both located in Clark County. On that date, she and her husband, Roe Frederick, conveyed the nine-acre tract to appellee Roscoe J. Deverick, and on the same date conveyed the five-acre tract to one Noah O. Deverick. The two deeds each contained the following proviso: "This conveyance is made subject to an Oil and Gas Lease on said premises which Grantors reserve unto themselves and are to receive any and all benefits and profits therefrom."

Thereafter, in 1940, appellees also acquired title to the five-acre tract subject to the foregoing interest. On December 12, 1921, Goldie S. Frederick and her husband made a conveyance to Riley Bline which used the following language: "All right, title and interest in and to all oil, gas and minerals in and under" the five- and nine-acre tracts, describing them. Then followed this sentence: "This deed is intended to convey all our royalty interest in oil and gas lease now on above described premises and now held by the Ohio Oil Company."

For many years prior to 1914, the Ohio Oil Company owned and operated leases on the two tracts and produced oil therefrom. The company continued to produce oil under its leases until 1945, when they were sold and assigned to appellee Roscoe J. Deverick. He continued to operate under the leases and to produce oil from the premises until 1948 when the leases were cancelled and released of record and the wells pulled and plugged. The exact contents of the oil-and-gas leases are not set forth by the pleadings, however it is apparent that they provided for royalties which were paid to Goldie S. Frederick until December 12, 1921. Subsequently, they were paid to Riley Bline, and after his death to his heirs, the appellants, until the leases were abandoned and cancelled of record. The right of the above-named persons to receive royalties was never questioned during the time that oil was produced.

Appellees' complaint prayed that title to all and every part of the land be confirmed in them free and clear of any interest of appellants or persons claiming under them, on the basis that any interest of appellants had expired with the cancellation of the leases. Appellants, by their motion to dismiss, assert that Goldie S. Frederick, in her conveyances to the Devericks, excepted therefrom her reversionary right to the oil and gas under the land, in addition to the royalty interest produced by the leases, and that such reversionary right had passed, together with the roy-

alties, to their ancestor, Riley Bline, by her conveyance of December 12, 1921. On this basis they claim ownership of the oil and gas still remaining under the land. The trial court was of the opinion that Goldie S. Frederick had reserved only her royalty interest under the leases, and that all other title and interests in the land had passed to the Devericks. Appellants' motion to dismiss the complaint was denied and a decree entered granting the relief prayed.

It has long been recognized in this State that mineral rights may be severed from the surface rights and conveyed separately, and that two estates are thus created in the land, each of which is distinct, each of which may be conveyed and devised, and each of which is subject to taxation. (*Jilek* v. *Chicago, Wilmington & Franklin Coal Co.* 382 Ill. 241.) It also appears that an oil-and-gas lease for the purpose of prospecting for oil is a freehold estate so far as the privilege of prospecting is concerned, but such interest is extinguished when the purpose is accomplished and the work abandoned, the lease conveying no title to the oil or gas until it is found and reduced to possession. (*Watford Oil and Gas Co.* v. *Shipman*, 233 Ill. 9.

To repeat, the language of the reservation in both of grantors' deeds was as follows: "This conveyance is made subject to an Oil and Gas lease on said premises which the Grantors reserve unto themselves and are to receive any and all benefits and profits therefrom." Appellants urge that the reversion of title at the conclusion of the oil-and-gas leases was excepted from the conveyance when the grantors reserved the right to "receive any and all benefits" from the lease, and that such reversionary right was conveyed to Riley Bline by the deed of December 12, 1921. Although appellants have cited textbook authority to the contrary, it is the established law of this State that a possibility of reverter remaining in a grantor after creation of a base or determinable fee is incapable of alienation or devise, though it may be inheritable. (*Pure Oil Co.* v.

*Miller-McFarland Co.,* 376 Ill. 486; *Predestinarian Baptist Church* v. *Parker,* 373 Ill. 607; see, also, Ill. Rev. Stat. 1947, chap. 30, par. 37b.) Thus even if the possibility of reverter could be construed as a benefit arising from a lease, and we think it is not, the deed of December 12, 1921, was ineffectual to convey that interest to appellants' ancestor, Riley Bline.

There remains for consideration the question whether or not the reservation in the Fredericks deeds to the Devericks may be construed as reserving title to the oil and gas in the grantors.

The primary purpose in the construction of a deed is to ascertain the intention of the parties, to be gathered from the instrument as a whole, giving effect to every word and rejecting none as meaningless or repugnant, if that can be done without violating any positive rule of law. (*Magnolia Petroleum Co.* v. *West,* 374 Ill. 516.) The language of the reservation here is only susceptible to the construction that the grantors reserved "the benefits and profits from the lease" only, and contemplated no other interest other than royalties arising from the lease. The clause "which the grantors reserve unto themselves" clearly applies to the lease for oil and gas and not to the oil and gas itself. There is nothing in the subsequent actions of the grantors which showed that they claimed other than a royalty interest for their share of the oil and gas taken from the premises. Indeed the statement in the later conveyance to Riley Bline, that "this deed is intended to convey all our royalty interest in oil and gas lease now on above described premises and now held by Ohio Oil Company," is to some extent indicative of what the Fredericks considered their interest in the property to be.

We conclude that neither by word nor action of law can the Fredericks be said to have excepted other than their royalty interests in the leases when they made their conveyances to the Devericks. This being so, they could

convey to Riley Bline no greater interest than they possessed, and thus appellants' interest in the land concluded with the cancellation of the leases. Holding as we do negates the necessity of construing the conveyance to Riley Bline and its legal effect. The decree of the circuit court of Clark County was correct, and is affirmed.

*Decree affirmed.*