(No. 33033.—

WILSON MILLER *et al.*, Appellants, *vs.* CLIFFORD RIDGLEY, Appellee.

*Opinion filed January 20, 1954—Rehearing denied March 15, 1954.*

CHARLES E. JONES, and W. A. McCARTHY, both of Robinson, for appellants.

MAURICE E. GOSNELL, of Lawrenceville, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The appellants herein filed a suit in the circuit court of Crawford County to quiet title and to remove as a cloud on the title of certain real estate described in the complaint and owned by the appellants a claim of the appellee that he was the owner of the oil-and-gas rights in and to said

real estate. The appellee bases his claim on a certain provision contained in a deed executed on March 9, 1923, by plaintiffs' predecessors in title to said real estate and said provision is, "All oil rights reserved to the grantors and subject to existing oil leases." Because of this provision the appellee claims ownership of the oil rights in said real estate as the surviving husband and only heir of the daughter of the grantors of the deed executed March 9, 1923, who died eight months after the death of the surviving grantor. Subsequent to the execution of said deed and before the institution of the present suit, the Ohio Oil Company cancelled and released of record the existing oil lease on land involved in this suit and described in the deed of March 9, 1923.

The original and amended complaint filed in this cause set forth all the foregoing facts, which are undisputed by the parties in this cause. To said original complaint the appellee filed a motion to dismiss, and also to the complaint as amended. In said motion the appellee claims that he is the owner of all the oil and gas in and to said real estate free and clear of any leasehold rights, the oil lease existing on said real estate having been released prior to the filing of this suit. The appellants contend that the deed of March 9, 1923, conveyed all the oil-and-gas rights in and to said real estate, and that when the existing oil lease on said real estate was cancelled and released of record neither the grantors nor their heirs had any further interest in the oil and gas in and upon said real estate.

The trial court sustained the motion to dismiss the original complaint, and also the amended complaint. Thereupon the appellants elected to file no further pleading and the trial court dismissed the complaint and suit at appellants' costs. Inasmuch as oil in place and the rights thereto comprise an interest in real estate, (*Watford Oil and Gas Co.* v. *Shipman,* 233 Ill. 9,) and title to same is here involved, a direct appeal is taken to this court.

In order to determine the rights of the various parties in this suit to the oil rights in and upon the real estate involved in this case, it is necessary to construe the deed of March 9, 1923, which contained the provision hereinbefore set forth. The primary purpose of the construction of the deed is to ascertain the intention of the parties, to be determined and gathered from the instrument as a whole, giving effect to every word and rejecting none as meaningless or repugnant, if it can be done without violating any positive rule of law. (*Magnolia Petroleum Co.* v. *West*, 374 Ill. 516; *Smith* v. *Grubb*, 402 Ill. 451.) Also the circumstances attending the transaction, the situation of the parties, the objects which they had in mind, as shown by the deed, as well as those they did not have in mind and could not attain, merit consideration in construing deeds. (*Texas Co.* v. *O'Meara*, 377 Ill. 144.) In the instant case, no evidence of any kind was introduced. The suit was dismissed on motion. All this court has before it, and all the trial court had before it, is a photostatic copy of the deed attached to the amended complaint, and it is from that instrument and its wording that this court is obliged to ascertain the intention and meaning of the parties in its execution. While the appellants contend that this court has a right to take judicial notice of certain scientific facts which have been established by authoritative scientific works, an examination of the authorities cited in support of this practice shows they are not applicable to the case here under consideration.

In general, a landowner is entitled to the surface and all that is below it, and when he makes a deed that contains no reservation and does not limit the estate conveyed, he conveys everything under the surface as well as on the surface itself. (*Updike* v. *Smith*, 378 Ill. 600.) His interest in the oil and gas in and upon the real estate is accessory to his legal interest in the land and will pass by a grant of the land unless he expresses an intention to retain that

interest. (1 Summer, Oil and Gas, 2d, p. 324, and cases there cited; *Updike* v. *Smith,* 378 Ill. 600.) It is undisputed that the grantors in this deed of March 9, 1923, before its execution, owned said land subject to the existing oil leases. Oil and gas in the earth cannot be subject to an ownership distinct from the soil so long as they remain in the earth. (*Updike* v. *Smith,* 378 Ill. 600.) The effect of the oil lease existing on this land at the time of the execution of this deed was not to convey the oil and gas under said land, but to convey title only to such oil and gas as the lessee might find, produce, use and market. The oil and gas remaining under the land continued to be the property of the lessor and might pass from him by descent or devise. (*Watford Oil and Gas Co.* v. *Shipman,* 233 Ill. 9; *Conover* v. *Parker,* 305 Ill. 292.) Therefore it is apparent that at the time of the execution of the deed in March, 1923, the grantors held fee-simple title to the land involved in this suit, which included the oil and gas in place. They belong to the owner of the land so long as they remain under the land. *Transcontinental Oil Co.* v. *Emmerson,* 298 Ill. 394.

It has long been settled in Illinois that a mineral estate may be severed from the surface estate by a grant of the land specifically reserving the minerals, and when this has been accomplished by a deed, two estates exist in the land which are subject to independent ownership and to separate taxation and which may be devised or conveyed like any other real estate. *Shell Oil Co.* v. *Moore,* 382 Ill. 556; *Deverick* v. *Bline,* 404 Ill. 302.

Now let us consider the application of the foregoing principle to the instant case. It is apparent that if the grantors wished to convey all their interest in the oil and gas in and upon said real estate, this could have been accomplished by a warranty deed and without any other provision than that the same was made subject to existing oil leases. The land, both surface and the oil and gas in

place, subject to the rights of the lessee, would have been conveyed. However, the grantors did more than that. They inserted before the language "subject to existing oil lease," the clause "All oil rights reserved to the grantors." Certainly some purpose was to be served by the insertion of such phrase, and by giving effect to all words used, it simply means that all oil rights were reserved, subject to the rights of the lessee to take such oil as it might find.

A somewhat similar situation is found in the case of *Moore* v. *Griffin,* 72 Kans. 164, 83 Pac. 395. The land-owners in that case made a lease of the oil-and-gas privileges in said land. Thereafter they conveyed the land excepting and reserving all rights and privileges reserved to them by the lease and to "all oil and gas in said premises." Their grantee conveyed by warranty deed to another without any reservation or exception. Thereafter, the oil-and-gas lease on said premises was cancelled by consent of the parties to the lease. All of the conveyances were of record, and subsequent purchasers took with constructive notice, and therefore took no interest in the oil and gas. The cancellation of the lease did not extinguish the rights of the original owners of the land nor vest the right to the oil and gas in the owners of the lands at the time of such cancellation. This case is an authority for the legal principle that the owner of the lands does have the right to reserve unto himself all of the oil-and-gas rights when a conveyance is made, if the provision of the deed so stated. The instant case in many respects is analogous. The grantors here made a general warranty expressly setting forth as one of the provisions that "all oil rights [are] reserved to the grantors."

A somewhat similar situation is also found in *Triger* v. *Carter Oil Co.* 372 Ill. 182. There, one Mary Horn inherited an undivided one-third interest in a certain tract of land from her husband. Thereafter she leased said land to the Carter Oil Co. Subsequently, by a mineral deed to

one W. H. Davis she granted, bargained, sold, conveyed and assigned unto the grantee "an undivided one-half interest in and to all the oil and gas in and under and that may be produced from the following described lands." The court found that the said deed purported to convey a greater interest than was owned by Mary Horn, with which finding we are not here concerned. The court further held, however, that at the time of the execution of the deed Mary Horn owned the oil and gas in an undivided one-third of the land, and to that extent it was a conveyance of an interest in the land and created a freehold interest. Here again the court states that it is the settled law in this State that oil and gas in place are minerals, but by reason of their fugacious qualities they are incapable of an ownership distinct from the soil. The court further stated that if a landowner makes a lease of the oil and gas to another, it is a grant only of the oil and gas that the grantee may take from the land, and no title vests in the lessee until it is actually removed from the land. *Watford Oil and Gas Co. v. Shipman,* 233 Ill. 9; *Ohio Oil Co. v. Daughetee,* 240 Ill. 361.

It is apparent from the foregoing that the landowners here, before the execution of the March 9, 1923, deed, held said real estate subject to the existing oil lease. By that deed they conveyed all their interest in the surface of said land, subject, of course, to the right of the lessee to take oil and gas from therein, after which the title to same vested in said lessee. The rights to the oil in place, however, were not conveyed by said lease, nor by the deed in question, inasmuch as the same were reserved to the grantors.

The appellants, however, contend that the deed in the instant case did not reserve any of the oil rights in the grantors on release of the existing oil lease, for two reasons. The first is that because of the use of the word "and" in the provision in question between "All oil rights reserved

to the grantors" and the expression "subject to existing oil leases." They argue that the word "and" is used in the conjunctive and means a continuation of what has gone before and is a mere addition thereto. (*City of LaSalle* v. *Kostka*, 190 Ill. 130; *Winter* v. *Dibble*, 251 Ill. 200.) Granting the foregoing is a correct definition of said word "and" it is clear that what is meant is that the grantors sought to except from their warranty the oil-and-gas rights under the existing lease and in addition all other rights in and to the oil. The contention of appellants is without merit.

The appellants contend, however, that the only oil rights reserved by the provision in such deed are those which are subject to the oil lease, and therefore when the lease is cancelled all oil rights are released. We do not agree with this contention. Of course, as long as the lease existed on the lands, all oil rights were subject to the rights of the lessee, or in other words, were subordinate thereto. These rights of the lessee as hereinbefore pointed out, were to find and to extract whatever oil it could. On doing so it had the right under the lease to reduce the same to possession, and acquire title thereto. It, however, at no time had title to the oil in place. If we use the meaning of the word "and" in the sense of continuation or addition, as contended by the appellants, no other conclusion can be reached except that the grantors intended to reserve all oil rights and that they recognized in addition that the same were subject to the rights of the lessee.

We are thus compelled to determine, at this point, just what the various interests are under this deed. We have found that oil and gas, because of their fugacious nature, are incapable of an ownership distinct from the soil so long as they remain in the earth. Consequently the ownership of the surface determines the extent of ownership of oil underlying the surface. It is therefore impossible to distinguish the ownership of the oil in place in the earth from the ownership of the surface. However, we have

found that the rights to this oil may be so reserved or conveyed as to create a separate freehold estate. Those rights are the rights to explore and find the oil, produce it, and to use or market it once it is reduced to physical possession. (Barringer & Adams on Mines and Mining, pp. 30, 31, and citing pp. 75-83; *Dark* v. *Johnson,* 55 Pa. 164; and *Hall* v. *Vernon,* 47 W. Va. 295 as cited in *Watford Oil and Gas Co.* v. *Shipman,* 233 Ill. 9.) These cases and authorities espouse the theory of oil ownership and the rights thereto as adopted by the decisions of this court. Also see Kulp, Cases on Oil and Gas 3d, p. 45; *Melton* v. *Sneed,* 188 Okla. 388.

The appellants finally contend that because the grantors and lessors did not reserve the right to enter upon the land here involved after the release or cancellation of the lease this is an indication that they intended to convey all the oil rights in and to said lands except those embraced in the lease. This contention is based upon the claim that although the provision in the deed alleged to have reserved all oil rights to the grantors, it failed to reserve the right to enter upon the surface of the land and remove the oil therefrom. Again we can find no merit in appellants' contention. The owner of the land has the right to sever his land into estates, and he may dispose of the mineral estate and retain the surface, or he may dispose of the surface and retain the mineral, the mineral estate in this case being the oil-and-gas rights. (*Harris* v. *Currie,* 142 Tex. 93, 176 S.W. 2d 302.) Oil rights include the right to explore and find oil. Without the right of ingress and egress, and to use so much of the surface as necessary, there is no actual right to explore for oil. While the mere reservation of the mineral estate does not vest the grantor or reserver with any title to the surface, yet the reservation of the mineral carries with it, as a necessary appurtenance thereto, the right to use so much of the surface of the land as may be necessary to enforce and enjoy the estate reserved.

(*Harris* v. *Currie*; 18 C.J. 294.) Here the grantors specifically reserved "all" oil rights, and thereby included the right to enter upon the land to explore for oil.

Appellants place great reliance on the case of *Deverick* v. *Bline,* 404 Ill. 302, to support their assertion that these grantors reserved only their rights under an existing oil lease. That case is so entirely at odds with the instant one in regard to its fact situation that it fails to serve as any authority upon which this case may be determined. The *Deverick case* involved a deed wherein the grantors made a reservation in the following language: "This conveyance is made subject to an Oil and Gas Lease on said premises which Grantors reserve unto themselves and are to receive any and all benefits and profits therefrom." Such a reservation is clearly different in meaning from that in the instant deed.

The decree of the circuit court of Crawford County is affirmed.

*Decree affirmed.*