OWEN WEAVER *et al.*, Plaintiffs-Appellants, *v.* VELMA C. ELLIS *et al.*, Defendants-Appellees.

Fifth District   No. 5—83—0456

Opinion filed August 17, 1984.

Joe Harrison, of Fairfield, for appellants.

Howard & Howard, of Mt. Vernon (G.W. Howard III, of counsel), for appellees.

JUSTICE JONES delivered the opinion of the court:

This is an appeal from a judgment rendered for defendants in an action to quiet title in the circuit court of Wayne County. In this appeal the plaintiffs, Owen and Dorothy Weaver, contest the trial court's

construction of a mineral deed denying them any interest in the oil, gas and other minerals underlying a 40-acre tract described as:

> "The Northeast Quarter of the Southwest Quarter of Section 8, Township 1 South, Range 6 East of the Third Principal Median, Wayne County, Illinois."

Prior to December 14, 1942, title to the described real estate was vested in Frank Weaver, Lillie E. Weaver and Corine McKitrick. On December 14, 1942, Frank Weaver and Lillie E. Weaver, who were husband and wife, Corine E. McKitrick and her husband, J.A. McKitrick, conveyed to Mary Urania Fotiades an undivided one-fourth interest in the oil and gas underlying the 40 acres. Although this deed contained language indicative of the creation of a reversionary interest, neither Mary Urania Fotiades nor her heirs or assigns were made parties to this lawsuit, and the one-fourth interest conveyed to her is not affected by this case and will not be further noticed.

On January 23, 1943, Frank Weaver and Lillie E. Weaver conveyed to Corine E. McKitrick their entire interest in the oil and gas (only) underlying the 40 acres.

Two days later, on January 25, 1943, Corine E. McKitrick, joined by her husband, J.A. McKitrick, conveyed to J.A. McKitrick an undivided one-eighth interest in the oil, gas and other minerals. On that same day, Corine E. McKitrick and J.A. McKitrick conveyed to their children, the defendants herein, Velma McKitrick, Deloris D. McKitrick, Lillian R. McKitrick and Auburn F. McKitrick, an undivided one-half interest in the oil, gas and other minerals for a period of "fifteen (15) years or as long thereafter as oil or gas are produced on said property ***." It is the reversionary interest created by this deed that is the subject of this lawsuit.

On February 2, 1946, Corine E. McKitrick, J.A. McKitrick, Frank Weaver and Lillie E. Weaver conveyed the 40 acres by general warranty deed, without any exception or reservation of oil, gas or other mineral rights, to the plaintiffs Owen Weaver and Dorothy Weaver. The purport of this deed was that it conveyed the surface and the entirety of the oil, gas and other mineral rights underlying the tract. However, because of the previous conveyance to the defendants, at the time of execution and delivery of the deed the grantors owned only a present one-fourth interest in the oil, gas and other minerals plus a one-half reversionary interest that would vest upon the cessation of production as provided by the mineral deed of January 25, 1943, to the defendants.

On August 13, 1957, Owen Weaver and Dorothy Weaver executed a mineral deed to Corine E. McKitrick and J.A. McKitrick conveying

an interest in the oil, gas and other minerals. In pertinent part, that deed "convey[ed] and warrant[ed] *** an undivided one-fourth (¼) interest in and to all of the oil and gas, and other minerals in and under the following described real estate ***." The deed then described the same 40-acre tract. The deed provided further in a specially typed clause inserted at the bottom of the deed, just above the date and signatures, that "[i]t is the intention of the Grantors herein to convey to the Grantees herein all interest in and to the oil, gas, and other minerals acquired by Grantors by virtue of that certain Warranty Deed dated February 2, 1946, and recorded in Deed Record 190 at page 454."

The issue this case presents is raised by the deed of February 2, 1946, from Frank and Lillie Weaver and the McKitricks to the plaintiffs that by its terms conveyed all the oil, gas and other minerals and the deed of August 13, 1957, from the plaintiffs to the McKitricks that in its granting clause conveyed a one-fourth interest in the oil, gas and other minerals but then in the specially inserted clause expressed the grantors' intent to convey back all interest in the oil, gas and other minerals that they had acquired by the deed of February 2, 1946. Did the specially inserted "intent" clause operate to convey the one-half interest that reverted with the cessation of production along with the one-fourth interest mentioned in the granting clause? The plaintiffs argue that it did not, for the real intention of the parties to the August 13, 1957, deed was to convey only the one-fourth interest expressly mentioned but not the one-half reversionary interest. The defendants, the sole heirs of the McKitricks, contend that the intent of the parties to the August 13, 1957, deed was to reconvey to the McKitricks all the interest in the oil, gas and other minerals in the 40-acre tract that was erroneously and mistakenly conveyed to plaintiffs by Frank and Lillie Weaver and the McKitricks by the deed of February 2, 1946.

The trial court entered judgment for the defendants, finding that by the August 13, 1957, deed the plaintiffs intended to, and did, convey to the McKitricks "all of their undivided one-quarter possessory interest in the oil, gas and other minerals and also all nonpossessory mineral interests which the grantors may have had or claimed by reason of the prior conveyance to grantors from grantees dated February 2, 1946."

The only issue before this court is whether the trial court erred in construing the deed of August 13, 1957, as having conveyed from the plaintiffs to the McKitricks both the one-fourth possessory interest and the one-half reversionary interest in the oil, gas and other miner-

als. We think it did not err, and we affirm.

The primary purpose of the construction of a deed is to ascertain the intention of the parties, such to be determined and gathered from the instrument as a whole, giving effect to every word and rejecting none as meaningless or repugnant, if it can be done without violating any positive rule of law. (*Miller v. Ridgley* (1954), 2 Ill. 2d 223, 117 N.E.2d 759; *Smith v. Grubb* (1949), 402 Ill. 451, 84 N.E.2d 421; *Goin v. Eater* (1982), 107 Ill. App. 3d 887, 438 N.E.2d 234.) Also the circumstances attending the transaction, the situation of the parties, the objects which they had in mind, as shown by the deed, as well as those they did not have in mind and could not attain, merit consideration in construing deeds. (*Miller v. Ridgley* (1954), 2 Ill. 2d 223, 117 N.E.2d 759; *Texas Co. v. O'Meara* (1941), 377 Ill. 144, 36 N.E.2d 256.) "The manifest meaning of section 13 [Ill. Rev. Stat. 1947, ch. 30, par. 12] is that when words of inheritance are not used, every word, no matter where appearing in the deed must, if possible, be given weight in determining the estate granted." (*Smith v. Grubb* (1949), 402 Ill. 451, 460, 84 N.E.2d 421, 426.) The words need not be construed literally or strictly, since greater regard is accorded to the real intention as manifested in the entire deed than to any particular work or arrangement in its expression. In order to understand the language in the sense intended by the parties, the court will consider the facts they had in mind, including their situation, the state of the property, and the objects to be attained. *Magnolia Petroleum Co. v. West* (1940), 374 Ill. 516, 30 N.E.2d 24.

Defendants' position is that the deed of August 13, 1957, construed as a whole, clearly expresses the intent of the parties to it, that being to convey all rights in the oil, gas and other minerals in question, which are those both possessory and reversionary. This construction is not without support.

The Illinois Supreme Court has construed a deed with provisions similar to those in question here. The case strongly fortifies the result we have reached by application of the foregoing rules of construction. In *Boone v. Clark* (1889), 129 Ill. 466, 499-500, 21 N.E. 850, 859, William G. and George W. Ewing conveyed to Norman B. Judd, "for the purpose of building, constructing, maintaining, and using thereon a railroad,' a strip of land 'one hundred and fifty feet wide, being seventy-five feet on each side of the following described line ***.' " The deed then described the line. Subsequently, Judd conveyed by deed to the Northern Indiana and Chicago Railroad Company a strip of land " 'one hundred feet in width, being fifty feet on each side of the following described line,' describing the same line described in the

Ewing deed, but following the description with the words, 'hereby intending to convey all the interest vested in said party of the first part by conveyance executed by the [Ewings].' "

Notwithstanding the statement of intent contained in the deed, the issue arose as to the correct width of the property conveyed. The supreme court resolved the dispute in favor of the language of intent within the deed, stating:

> "[T]hat [Judd] intended to divest himself of all the right and title so acquired, is manifest from the language employed in his deed to the railroad company. True, he specifically describes a strip only one hundred feet wide; but in the same instrument he declares his intention 'to convey all the interest vested in' him by the conveyance the Ewings had previously made to him. The description of the premises in the deed, and the declared intention of the grantor, manifested by specific reference to another instrument conveying by a more extended description the same and still other strips of land, are, to the extent of the additional strips, not coincident, and the question is, which of these two descriptions must control.
>
> The rule undoubtedly is, 'that where there is a doubt as to the construction of a deed, it shall be taken most favorably for the grantee.' Hence it is said: 'If there are two descriptions in a deed of the land conveyed, and they do not coincide, the grantee is at liberty to elect that which is most favorable to him.' [Citations.] The claim of the railroad company, here, is not, by a description in a reference deed, to exclude a part of the premises particularly described, but that by such reference additional land was conveyed,—and such seems to be its effect. [Citation.] So, too, where the particular description was defective, effect was given to the general description. [Citation.] And where there was repugnance between the particular and the general description, the latter was accepted. [Citation.] And where the particular description was repugnant to the reference description, and where, as here, each description was certain, definite and complete when standing alone, the description by reference to a prior recorded deed was accepted. [Citation.] The intention of the grantor, Judd, being thus clearly shown, and the description of the premises intended to be conveyed being certain, definite and complete, that construction must be adopted which is most favorable to the grantee. It therefore follows that by the deed from Judd the railroad company took title to the strip of land through these mortgaged

premises, of the width of one hundred fifty feet, and the decree in that regard was correct." *Boone v. Clark* (1889), 129 Ill. 466, 501-02, 21 N.E. 850, 860.

Although the plaintiffs specifically included only a one-fourth interest in the oil, gas and other minerals in the granting clause, they manifested their intention to convey "all interest in and to the oil, gas and other minerals acquired by grantors by virtue of that certain warranty deed dated February 2, 1946, and recorded in Deed Record 190 at page 454." Applying the well-settled rules of construction, here, as in *Boone*, "where the particular description [is] defective, effect [is] given to the general description \*\*\*. [A]nd where, as here, each description was certain, definite and complete when standing alone, the description by reference to a prior \*\*\* deed [is] accepted. The intention of the grantor[s,] [Owen and Dorthy Weaver,] being thus clearly shown, and the description of the premises intended to be conveyed being certain, definite and complete, that construction must be adopted which is most favorable to the grantee. It therefore follows, that by the deed from [the Weavers] the [McKitricks] took title to [all interest in oil, gas and other minerals, reversionary and possessory that had been conveyed by the deed of February 2, 1946], and the decree in that regard was correct." *Boone v. Clark* (1889), 129 Ill. 466, 502, 21 N.E. 850, 860.

■■■ Plaintiffs attempt to distinguish *Boone* in two respects. First their contention is that the defendants are responsible for any issue of ownership because their ancestors were the grantors in the prior 1946 deed and that *Boone* is therefore distinguishable because the grantees there were not the grantors in that prior deed and allegedly not responsible for any issue of ownership. It is undisputed that the 1946 general warranty deed conveyed exactly what it purported to convey. That the grantors in the prior deed were the grantees in the subsequent deed is a distinction without significance. Plaintiffs' second distinction is that the prior deed in *Boone* contained a specific description of the larger area of land conveyed, while the prior deed in the instant case contained no specific description of the quantity of oil and gas conveyed. This distinction is tenuous at best. The 1946 deed referred to in the 1957 deed was a general warranty deed. There is a presumption that a grantor in executing a deed intended to convey only property which he owned. (*Roots v. Uppole* (1980), 81 Ill. App. 3d 68, 400 N.E.2d 1003.) Assuming *arguendo* that appellants have made a valid distinction, the quantity of oil and gas conveyed by the general warranty deed was specific, *i.e.*, that which the McKitricks owned. Specifically, the McKitricks owned a one-fourth posses-

sory interest and a one-half reversionary interest in the oil, gas and other minerals subject to this suit. Owen and Dorothy Weaver became owners of those interests by the general warranty deed of February 2, 1946. It is obvious from the circumstances of the parties and the facts before us that no present interest in the oil, gas and other mineral rights was intended to be conveyed by the McKitricks to the plaintiffs by the deed of February 2, 1946. There was continuous production of oil from the 40 acres prior to the deed of February 2, 1946, until sometime after the deed of August 3, 1957. At no time during this interval did the plaintiffs attempt to obtain the landowner's portion of the proceeds of the production. Unknowingly, Frank and Lilly Weaver and Corine and J.A. McKitrick conveyed all their interest in the oil, gas and other minerals to the plaintiffs in 1946. The plaintiffs thereafter reconveyed a stated one-fourth interest and expressed the intent to convey all that had been acquired by the 1946 deed. The one-half reversionary interest went unmentioned in both deeds. Nevertheless, the "intent" of the parties was plainly expressed by the specially inserted clause in the 1957 reconveyance by the plaintiffs. This interpretation is required by the facts before us, the general rules for construction of deeds recited above and the close association of the facts of this case with those in *Boone v. Clark* (1889), 129 Ill. 466, 21 N.E. 850.

Affirmed.

WELCH, P.J., and HARRISON, J., concur.