*In re* ANNEXATION OF APPROXIMATELY 280 ACRES OF LAND TO THE CITY OF DECATUR, ILLINOIS (B & R Development Company *et al.*, Petitioners-Appellees and Cross-Appellants, v. The Village of Forsyth *et al.*, Objectors-Appellants and Cross-Appellees (Decatur Park District, Respondent)).

Fourth District   No. 4—92—0740

Argued April 14, 1993.—Opinion filed June 3, 1993.

Christopher K. Bradley (argued) and W. Scott Murphy, both of Erickson, Davis, Murphy, Griffith & Walsh, Ltd., of Decatur, for appellants Francis H. Brett and Wilma J. Gepford.

William C. Wetzel (argued), of Livingston, Barger, Brandt & Schroeder, of Bloomington, for appellant Village of Forsyth.

Richard L. Heavner (argued), of Heavner, Handigan & Scott, of Decatur, for appellees.

John W. Couter, of Decatur, for *amicus curiae* City of Decatur.

Beth Anne Janicki, of Illinois Municipal League, of Springfield, for *amicus curiae* Illinois Municipal League.

JUSTICE GREEN delivered the opinion of the court:

This appeal concerns a petition brought in the circuit court of Macon County seeking to annex certain unincorporated territory to the City of Decatur pursuant to the provisions of article 7, division 1, of the Illinois Municipal Code (Code) (Ill. Rev. Stat. 1991, ch. 24,

pars. 7—1—1 through 7—1—48). Under the procedure used here, section 7—1—2(a) of the Code requires that a petition for annexation must be "signed by a majority of the *owners of record* of land in the territory [sought to be annexed] and also by a majority of the electors" residing therein. (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 24, par. 7—1—2(a).) Section 7—1—1 of the Code states that when territory is annexed, "[t]he new boundary shall extend to the *far side of any adjacent highway* and shall include all of every highway within the area annexed." (Emphasis added.) Ill. Rev. Stat. 1991, ch. 24, par. 7—1—1.

Here, the petition was "signed by a majority of the owners of record of land in the territory" only if (1) owners of the fee interest underlying the far one-half of a township road on the boundary of the territory sought to be annexed and (2) owners of mineral interests in a portion of that territory are not "owners of record of land in the territory" within the meaning of section 7—1—2(a) of the Code. We hold that none of those people holding the types of interest in the real estate described are "owners of record" within the meaning of section 7—1—2(a) of the Code. The foregoing being the only issue on appeal, we affirm the judgment of the circuit court which ruled the petition was valid.

The petition was filed on June 15, 1992, by petitioners John W. and Georgia J. Schnake and B & R Development Company (B&R). Francis H. Brett, individually and as coexecutor with Wilma J. Gepford of the estate of Pearl J. Brett, deceased, along with the Village of Forsyth (Forsyth), filed objections to the petition. After an evidentiary hearing, the court entered an order on July 29, 1992, finding in favor of the petitioners as to the petition. The court ordered the question of annexation be submitted to the City of Decatur pursuant to section 7—1—4 of the Code (Ill. Rev. Stat. 1991, ch. 24, par. 7—1—4). After objectors' motion to vacate the judgment was denied, objectors took the instant appeal. Petitioners cross-appealed from the portion of the order which overruled petitioners' request to dismiss Forsyth's objections on the basis that Forsyth had no standing to object. Petitioners have abandoned the cross-appeal. The only issue raised on appeal is whether the petition was "signed by a majority of the owners of record."

The evidence presented showed that the three petitioners, the Decatur Park District and objector Francis H. Brett were undisputedly "owners of record" of land in the territory. If they were all the "owners of record," petitioners would be a majority of that group by a count of three to two. However, the evidence also

showed that (1) Larry and Jessica Baker owned the fee underlying a portion of the "far side" of Oakland Road which was on the west boundary of much of the territory for which annexation was sought. However, because of the configuration of the territory, the Baker tract, which was not included in the territory, was on the east side of Oakland Road. The evidence also showed that objectors Brett and Wilma J. Gepford had mineral interests in the property owned by Brett. If only Gepford is deemed an additional "owner of record," the count would become three to three, which would destroy petitioners' majority, and if the Bakers are determined to be "owners of record," petitioners' position would be even worse.

The Decatur Park District did not sign the petition but filed an answer stating that it consented to the annexation. If it is deemed to be in the position of a signer of the petition, the petitioners would have a majority of four to three if only Gepford, through her mineral interest, is deemed an additional "owner of record." However, if the Bakers are owners of record, no majority would exist regardless of the status of Gepford.

■ The Illinois Supreme Court has said repeatedly that the word "owner," as applied to real property, has no fixed meaning, but it has been defined to include "one who has the usufruct, control or occupation of land with a claim of ownership, whether his interest be an absolute fee or a less estate." (*Coombs v. People* (1902), 198 Ill. 586, 588, 64 N.E. 1056, 1057; see also *In re Petition to Annex Certain Real Estate* (1991), 144 Ill. 2d 284, 288, 579 N.E.2d 848, 849 (*Joliet*).) In *Coombs*, the court was concerned with whether a person sued for unpaid taxes on real estate was the owner of the premises from which the obligation to pay the tax arose. That person had purchased the property at a tax sale, and the question upon which the case turned was whether the tax deed he recorded was defective.

In *Joliet* the case turned upon whether petitioners seeking annexation to a municipality under article 7 of the Code could create numerous co-owners of a tract for the purpose of creating enough signatories to a petition to have a majority. The court held that the division of the ownership was created in bad faith and that required dismissal of the petition for annexation.

Because of the broad interpretation given to ownership of real estate, objectors maintain both the Bakers' and Gepford's interests should make them "owners of record." They point out that Gepford pays real property taxes on her interest and that these taxes and her ability to exploit the mineral interest might be changed under

city control. Citing *Postal Telegraph-Cable Co. v. Eaton* (1897), 170 Ill. 513, 49 N.E. 365, they note that the Bakers would have a cause of action if a telephone pole was erected adjacent to the far side of Oakland Road (sought to be annexed) under which they own the fee. (See also *Lewis v. Illinois Bell Telephone Co.* (1981), 98 Ill. App. 3d 1047, 425 N.E.2d 55.) There is substance to the objectors' position, but we, nevertheless, are satisfied that the legislature did not intend that interests such as those of the Bakers and Gepford should be factors in determining whether land be annexed to a municipality.

■ The purpose of the requirement relating to the annexation of adjacent highways to the far side of the highway is to prevent any question regarding jurisdiction, maintenance, financing, and traffic control after the annexation has taken place. (*People ex rel. Freeport Fire Protection District v. City of Freeport* (1978), 58 Ill. App. 3d 314, 317, 374 N.E.2d 479, 482.) Section 7—1—1 of the Code also provides that the far side of adjacent highways shall be deemed annexed even if that area is not included in the description in the petition of the territory sought to be annexed. It further provides that when any such annexation took place before October 1, 1975, without the far half of the adjacent highway being included in the description of the territory to be annexed, the far half will, nevertheless, be deemed to have been annexed. The whole tenor of this legislation requiring annexation of the far half of adjacent highways negates any intention that the owners of the underlying fee were entitled to factors in determining whether annexation occurs.

Moreover, in *Woodward Governor Co. v. City of Loves Park* (1948), 335 Ill. App. 528, 82 N.E.2d 387, the court determined that a railroad which had a right-of-way easement over certain property was the owner of record of the property for purposes of the disconnection provisions of the Revised Cities and Villages Act (see Ill. Rev. Stat. 1947, ch. 24, par. 7—42), even though it did not own the underlying fee-simple estate. The court noted the railroad controlled the use of the property, and the fee, subject to the use and easement, was " 'of but little value, if any.' " (*Woodward*, 335 Ill. App. at 538, 82 N.E.2d at 392, quoting *Northern Pacific Ry. Co. v. City of Seattle* (1907), 46 Wash. 674, 678, 91 P. 244, 246.) The court further noted that one could properly be considered an "owner" without having a fee-simple title and that, in construing the word "owner," as used in a statute, "regard must be had for the purposes of the Act, the object that it seeks to accomplish as well as

all the surrounding circumstances." *Woodward*, 335 Ill. App. at 538, 82 N.E.2d at 392.

■ Here, the Bakers had a fee interest similar to that which was subject to the railroad's easement in *Woodward*. The dominance of the interest of the township in the far half of Oakland Road was at least as great here as was the dominance of the railroad's interest there. This is not a case where a road is being built on land where the Bakers had a fee interest, nor is it a situation where change or improvement is being made in an existing road. All of significance that is happening to the Bakers' interest is that certainty as to responsibility to exercise governmental control over Oakland Road is created.

Analogy to *Woodward* also applies to the question of whether Gepford becomes an "owner of record" because of her mineral interest. Objectors cite numerous cases which state that the grantee of a mineral estate is a fee simple owner of such estate. (*E.g., Jilek v. Chicago, Wilmington & Franklin Coal Co.* (1943), 382 Ill. 241, 47 N.E.2d 96.) In *Jilek*, the court noted that mineral rights may be severed from the surface rights and conveyed separately, thus creating two estates, both subject to taxation. The court also noted the grant of a mineral estate is also a grant of the minerals themselves, and the means of obtaining or enjoying it are also granted, without the need of a separate express covenant for such purpose. *Jilek*, 382 Ill. at 245, 47 N.E.2d at 98.

The Illinois Supreme Court determined in *Triger v. Carter Oil Co.* (1939), 372 Ill. 182, 23 N.E.2d 55, that the grantee of a deed conveying oil and gas in a property does not, at the time of the grant, take title to the oil and gas. Rather, title vests in the grantee when the oil and gas are actually removed from the land. (*Triger*, 372 Ill. at 185, 23 N.E.2d at 56.) In *Triger*, the court noted the mineral deed not only conveyed the right to take the oil and gas, but also granted the right to the grantee to enter upon the land for the purpose of prospecting and operating wells. The grantee had what amounted to an easement, but it was characterized as a freehold estate. *Triger*, 372 Ill. at 185, 23 N.E.2d at 56.

In *Woodward*, the court indicated an intention that only one estate, the dominant one, in regard to a tract of land be deemed the estate whose owner or owners are invested with the right to speak in matters of annexation or detachment. Clearly, that person in regard to the property where the oil interests exist is Francis H. Brett, even though the property is subject to an undivided mineral interest in another. We conclude that the legislature did not intend

the interest of those speaking for the land in an annexation proceeding to be so diffuse that those having merely mineral interests would be considered "owners of record."

For the reasons stated, we affirm the judgment of the circuit court.

Affirmed.

KNECHT and LUND, JJ., concur.