PAWNEE OIL & GAS, INC. v. THE COUNTY OF WAYNE, et al. - rec'd 06/14/01

(text box: 1) NO. 5-00-0322

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH  DISTRICT

________________________________________________________________________

PAWNEE OIL & GAS, INC., )  Appeal from the

)  Circuit Court of

     Plaintiff-Appellee, )  Wayne County.

)

v. )  No. 99-MR-9

)

THE COUNTY OF WAYNE, )

)

     Defendant-Appellant, )

)

and )

)

FARRAR OIL COMPANY, )  Honorable

)  David Frankland,

     Defendant. )  Judge, presiding.

________________________________________________________________________

JUSTICE RARICK delivered the opinion of the court:

The defendant, Wayne County, appeals the summary judgment granted by the circuit court of Wayne County in favor of the plaintiff, Pawnee Oil & Gas, Inc. (Pawnee).  The summary judgment declared a tax lien originating from a predecessor's oil lease to be no longer valid.  We affirm.

In 1957, N.V. Duncan Drilling Company obtained an oil lease on certain property in Wayne County owned by the Blocks and the Watkins.  The lease provided it would remain in force for as long as oil was produced.  The owners/lessors were to receive as rent a one-eighth royalty on all oil extracted from the property.  The lessee was authorized to pay any real estate taxes on the property and then deduct that cost from the royalties as they accrued.  The oil lease was later assigned to Rocket Petroleum (Rocket), and Rocket extracted oil from the property at various times.  For a minimum of two years prior to August 1996, however, no oil had been produced, and in fact, Rocket had removed all surface serviceable equipment from the lease.  From 1986 to 1996, Rocket did not pay taxes connected to the oil lease.  As of April 17, 1998, the delinquent taxes, penalties, and interest totaled $14,995.90.  For each of the years the taxes were not paid, Wayne County conducted a tax sale, but no one appeared to bid at any of the tax sales.  As a result of Rocket's failure to operate or produce the lease, the Department of Natural Resources placed the lease in its "Plugging and Restoration Program."  

On August 12, 1996, Pawnee obtained an oil lease from the Blocks covering the same real estate as the 1957 N.V. Duncan Drilling Company lease.  The Blocks next successfully petitioned the court to declare the 1957 lease terminated by abandonment.  Wayne County sent real estate tax bills to Pawnee for the year's taxes, plus all back taxes and penalties owed by Rocket.  Pawnee filed a motion to require a revised tax bill, as well as a complaint for declaratory judgment, alleging the tax lien was "of no force or effect for the reason that the oil and gas leasehold estate to which same attached no longer exists."  The parties stipulated to the facts, and each side filed a motion for summary judgment.  The circuit court ruled in favor of Pawnee and declared the tax lien to be no longer valid.  Wayne County argues that the property tax due and owing is a tax on the oil itself and therefore is a lien on the underlying mineral interest.  Wayne County further contends that it makes no difference under what lease the taxes arose.  Pawnee counters that the tax is assessed on the oil lease and that once the lease was terminated, the taxes due were unenforceable.  The question on appeal is, then, Which property interest is subject to real estate taxation?  Or to which property interest does the tax lien attach?

In Illinois, mineral rights may be severed from surface rights and conveyed separately, thereby creating two estates in the land, each of which is distinct, may be conveyed and devised, and is subject to taxation.  
Deverick v. Bline
, 404 Ill. 302, 305, 89 N.E.2d 43, 45 (1949); see also 
Pickens v. Adams
, 7 Ill. 2d 283, 289, 131 N.E.2d 38, 42 (1955); 765 ILCS 505/7 (West 1998).  Oil and gas in place are minerals, but because of their fugacious qualities, they are incapable of an ownership distinct from the soil.  
Triger v. Carter Oil Co.
, 372 Ill. 182, 185, 23 N.E.2d 55, 56 (1939).  They belong to the owner of the land only so long as they remain under the land, and if the owner makes a grant of them to another, it is a grant only of the oil and gas that the grantee takes from the land.  
Updike v. Smith
, 378 Ill. 600, 604, 39 N.E.2d 325, 327 (1942); 
Triger
, 372 Ill. at 185, 23 N.E.2d at 56.  Oil and gas are incapable of ownership until actually found and produced.  
Pickens
, 7 Ill. 2d at 291, 131 N.E.2d at 43; 
Miller v. Ridgley
, 2 Ill. 2d 223, 227, 117 N.E.2d 759, 761 (1954).  

Oil is assessed separately from the surface at 33⅓% of its fair cash value.  35 ILCS 200/9-145(d) (West 1998).  In order to determine the value of oil, Wayne County has created a legal fiction to measure the oil in the ground, by using the amount of oil that was removed.  Using the production figures from the previous year, the county then applies a formula intended to estimate the amount of oil remaining in the ground the second year in order to prepare a property tax assessment the third year.  Upon production, taxes are assessed and billed to the lessee.  The logic of not taxing the oil until it is actually produced stems from the fact, as stated above, that no title to oil or gas actually vests until it is found, reduced to possession, and used or marketed.  Once oil is removed from the ground, a property interest subject to taxation is thereby created.  Accordingly, once Rocket began producing oil, Wayne County began taxing Rocket's interest.  When Rocket failed to pay its tax bills, Wayne County had a lien on Rocket's interest.  That interest ceased to exist, however, when the oil and gas lease was abandoned.  And once that interest no longer existed, there was nothing left to which a lien could attach.  The trial court therefore properly granted summary judgment in favor of Pawnee.  If such was not the case, then why did Wayne County not pursue its tax lien against the lessors–the surface owners who still owned the mineral estate?  See 
People ex rel. Smith v. Coen
, 415 Ill. 73, 75-78, 112 N.E.2d 119, 120-21 (1953); 
People ex rel. Hargrave v. Phillips
, 394 Ill. 119, 124, 67 N.E.2d 281, 283-84 (1946).  The simple answer is that the tax was assessed on the oil lease itself.

For the aforementioned reasons, we affirm the judgment of the circuit court of Wayne County.

Affirmed.

HOPKINS and GOLDENHERSH, JJ., concur.

                                      NO. 5-00-0322

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________________

PAWNEE OIL & GAS, INC., )  Appeal from the

)  Circuit Court of

     Plaintiff-Appellee, )  Wayne County.

)

v. )  No. 99-MR-9

)

THE COUNTY OF WAYNE, )

)

     Defendant-Appellant, )

)

and )

)

FARRAR OIL COMPANY, )  Honorable

)  David Frankland,

     Defendant. )  Judge, presiding.

___________________________________________________________________________________

Opinion Filed
: June 28, 2001

___________________________________________________________________________________

Justices
: Honorable Philip J. Rarick, J.

Honorable Terrence J. Hopkins, J., and

Honorable Richard P. Goldenhersh, J.,

Concur

___________________________________________________________________________________

Attorneys
 Kevin Kakac, Wayne County State's Attorney, P.O. Box 641, Fairfield, IL 62837;

for
 David O. Edwards, Giffin, Winning, Cohen & Bodewes, P.C., One West Old State

Appellant
 Capitol Plaza, Myers Building, Suite 600, Springfield, IL 62701; Norbert J. Goetten,

Director, John X. Breslin, Deputy Director, State's Attorneys Appellate Prosecutor,

628 Columbus Street, Suite 300, Ottawa, IL 61350 

___________________________________________________________________________________

Attorney
 John A. Clark, Croegaert, Clark & Hough, Ltd., 305 East Main Street, Olney, IL 

for
 62450

Appellee
 

___________________________________________________________________________________

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 06/28/01.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.